153 So.2d 11 (1963)
SEVEN-UP BOTTLING COMPANY OF MIAMI, INC., a Florida corporation, Appellant,
v.
GEORGE CONSTRUCTION CORP., a Florida corporation, and George Vizenthal, Appellees.
No. 62-363.
District Court of Appeal of Florida. Third District.
May 14, 1963.
*12 Guilmartin & Bartel, Miami, for appellant.
Stern & Hutner, Miami, for appellees.
Before CARROLL, HORTON and BARKDULL, JJ.
PER CURIAM.
The appellant filed and we have heard oral argument on a motion to relinquish appellate jurisdiction and to remand the cause to the circuit court so that court might entertain a motion to vacate and set aside a final decree of foreclosure. We do not ordinarily write opinions on the disposition of motions, but since the decision on this motion is controlled by our construction of one of the rules of civil procedure, we deem it necessary in the interest of the bench and bar to record our views.
The final decree of foreclosure appealed was entered on April 3, 1962. The motion to vacate and set aside the decree was filed in the circuit court on April 19, 1963. Attached thereto were five supporting affidavits. A copy of that motion was appended to the motion to relinquish jurisdiction filed in this court.
The motion to vacate is based on the provisions of Rule 1.38(b) (2) and (3), Florida Rules of Civil Procedure, 30 F.S.A., which, in pertinent part, reads as follows:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order, or proceeding for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; * * *. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after judgment, decree, order, or proceeding was entered or taken. * * *" [Emphasis supplied]
The grounds of the motion to vacate were newly discovered evidence, fraud and misrepresentation, and the motion was filed more than one year after the entry of the final decree sought to be vacated. In view of the mandatory character of the language used in the quoted portion of the applicable rule, we deem it unnecessary to determine whether or not the motion to vacate states a prima facie case.[1] It was suggested at *13 oral argument that the one-year limitation contained in the rule was tolled by the filing of the appeal. This suggestion is unsound in view of the provisions of the rule itself providing that such a motion does not affect the finality of the judgment or suspend its operation, and the construction placed thereon by federal courts and text writers.[2]
It follows that the motion to relinquish appellate jurisdiction for the purpose of inquiring into the validity of the decree in question by motion to vacate, filed in the trial court, is denied.
NOTES
[1] We find support for this conclusion in the case of Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, wherein the Supreme Court of the United States was called upon to construe the corresponding federal rule, Rule 60, Federal Rules of Civil Procedure which is substantially the same as, and was used as a guide in drafting, the Florida rule. See also Moore's Federal Practice, vol. 7, § 60.27, pp. 295, 296.
[2] See Vaughn v. Petroleum Conversion Corp., D.C., 120 F. Supp. 175, 178; Moore's Federal Practice, vol. 7, §§ 60.28(2), 60.30(1), pp. 320, 334.