156 So.2d 4 (1963)
STATE of Florida ex rel. Eugene W. OWENS, Relator,
v.
Honorable Tillman PEARSON, as Chief Judge, Honorable Charles A. Carroll, Honorable Mallory H. Horton, Honorable Thomas H. Barkdull, Jr., and Honorable Norman Hendry, as Judges of the District Court of Appeal, Third District, State of Florida, Respondents.
No. 31850.
Supreme Court of Florida.
May 29, 1963.
Rehearing Denied June 26, 1963.
*5 Parker, Foster & Madigan, Julius F. Parker, Tallahassee, and Ely R. Katz, Miami Beach, for relator.
Sibley, Grusmark, Giblin, King & Levenson and James Lawrence King, Miami Beach, for respondents.
DREW, Justice.
These are significant events and the dates of their occurrence that provide the factual background of these original prohibition proceedings in this Court:

 Document Effective Dates
 Final Decree September 25, 1961
 Notice of Appeal to District Court of Appeal by
 defendant against whom decree was entered September 29, 1961
 Petition for rehearing and application for leave
 to amend October 3, 1961
 Order granting petition for rehearing etc. and
 modifying final decree October 20, 1961.

January 8, 1962, appellee [plaintiff in the trial court] moved the district court to dismiss the appeal because it had been taken from a final decree which had not *6 been "rendered" and was therefore not a final decree for the purposes of appeal.[1] The motion was denied without comment, whereupon these proceedings were commenced here to prohibit the district court from proceeding further in the cause.
The initial contention of respondent is that under the constitutional language[2] we may issue writs of prohibition to a district court only in those instances when questions are involved upon which a direct appeal to the Supreme Court is allowed as a matter of right.[3] We have taken original jurisdiction in prohibition in at least one case[4] where an almost identical question was involved. The original appearance of the Diamond Berk case in this Court[5] was a certiorari proceeding questioning the power of the district court to entertain an appeal taken from a trial court where the notice of appeal was filed in the district court of appeal instead of the trial court. We denied certiorari in that case because of the failure to demonstrate any conflict of decisions but did so without prejudice to apply to this Court for prohibition. Following the decision in that case application for prohibition was made here, the rule nisi was issued, and the matter was fully heard resulting in the opinion heretofore cited.[6] In that case, while we did not discuss this question directly, we did observe that the Constitution empowered this Court to issue writs of prohibition to the district courts of appeal and we set forth no limitation on that power.
The qualifying words in the constitutional language,[7] viz: "when questions are involved upon which a direct appeal to the supreme court is allowed as a matter of right," relate only to the trial courts. This result is required by the clear intent of the Constitution when all of Section 4 is read together, and is also dictated by the established rules of grammatical construction that, following an enumeration in series, a qualifying phrase will be read as limited to the last of the series when it follows that item without a comma or other indication that it relates as well to those items preceding the conjunction. In State ex rel. Peterson v. Weissing[8] we discussed this language so far as it related to trial courts, holding that this qualification related to the trial courts and that this Court was without jurisdiction to prohibit proceedings in the trial court in those cases where a direct appeal was not allowed to this Court as a matter of right. We now hold that the qualifying words do not relate to decisions of the district court of *7 appeal and that the contention of the respondent in this connection cannot be sustained.
The second point involved here is whether a petition for rehearing authorized by the rules of procedure,[9] and properly and timely made as contemplated by F.A.R. 1.3, destroys the finality for purposes of appeal of a decree theretofore entered and therefore destroys the effectiveness of a notice of appeal theretofore filed. We must answer this question in the affirmative. F.A.R. 1.3[10] clearly and specifically provides that such decree shall not be deemed to have been rendered until such motion is disposed of. In Ganzer v. Ganzer[11] this Court specifically said "[u]ntil a timely petition for rehearing has been ruled upon, the decree does not become final for purposes of appeal. The judicial labor has not been completed. * * *" The pronouncement in Ganzer was a reiteration of the long-standing rule of this Court pronounced in many decisions that the test of finality of judgments and decrees is to be determined by whether the judicial labor has been completed. This Court has never departed from the principle that where a petition for rehearing has been properly made within the time fixed by appropriate statute or rule, the trial court has complete control of its decree with the power to alter or change it until said motion has been disposed of. It therefore follows that the judicial labor has not been terminated and could not be terminated until the trial court had disposed of such petition. Until that time the decree or judgment was not final and the time for taking the appeal[12] did not commence to run until the date of the entry of such order.[13]
Any other rule would result in complete confusion in the disposition of litigation. If an appeal taken within the critical period vested jurisdiction in the appellate court to the complete exclusion of the trial court, it would in the first place nullify the provisions of the rules and statutes authorizing an affected party to file a petition for rehearing, and at the same time would effectively prevent the trial court from correcting mistakes, errors or altering or modifying its decrees. Such a rule could result in many instances of needless appellate litigation. Jurisdiction under such circumstances, after the filing of a timely petition, must be exclusively in one court or another. It cannot be in both courts at the same time. To give effect to the rules and statutes the conclusion is inevitable that a final decree is simply not appealable if a motion for new trial is made properly and timely, until such time as the motion is disposed of by the trial court. This is not to say that an appeal may not be taken promptly upon the rendition of a final decree. We have held that in the event a petition for rehearing is filed then the subsequent filing of a notice of appeal amounted to an abandonment of such petition, thereby vesting in the appellate court jurisdiction of the cause.[14] Obviously where no petition for rehearing is filed within the allowable period, nothing has transpired by which the status of the decree as to finality has been affected and such notice therefore vests in the appropriate appellate court jurisdiction of the cause. The proper and timely filing of a petition for rehearing after the filing of a notice of appeal is a subsequent *8 event which destroys the efficacy of the notice of appeal.[15] Jurisdiction can thereafter be vested in the appellate court only by the filing of another notice of appeal following the disposition of the petition for rehearing or the abandonment of such motion by the party making it as heretofore stated.[16]
Respondent contends that where a notice of appeal is filed after the rendition of an appealable decree, but within the time allowed for filing a petition for rehearing, it is the appellate court which has jurisdiction to pass upon the question of whether the petition for rehearing has been timely and properly filed. We do not agree with this contention. This is a decision to be made by the trial court the propriety of which may in appropriate circumstances be the subject of review by the appellate court.
We attach no significance to the proceedings in the trial court relating to supersedeas, so far as the questions disposed of here are concerned, and therefore have omitted any discussion relating thereto.
When the appellee filed his petition for rehearing in this case it had the effect of negating the jurisdiction which became vested in the district court of appeal under the notice of appeal theretofore filed. The only jurisdiction which remained in the district court under such notice was the power to dismiss the appeal. Hence, the rule nisi in prohibition heretofore issued is made absolute and the district court hereby prohibited from proceeding further in these proceedings.
It is so ordered.
ROBERTS, C.J., and TERRELL, THOMAS, THORNAL, O'CONNELL and HOBSON (Ret.), JJ., concur.
NOTES
[1] F.A.R. 1.3, 31 F.S.A. provides:

"* * * `Rendition' of a judgment, decision, order or decree means that it has been reduced to writing, signed and made a matter of record, or if recording is not required then filed. A paper is deemed to be recorded when filed with the clerk and assigned a book and page number. Where there has been a timely and proper motion or petition for a new trial, rehearing or reconsideration by the lower court, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of."
[2] The pertinent language is the following part of Section 4 of Article V, Florida Constitution, F.S.A.:

"The supreme court may issue * * * writs of prohibition to commissions established by law, to the district courts of appeal, and to the trial courts when questions are involved upon which a direct appeal to the supreme court is allowed as a matter of right."
[3] Such appeals, under Article 4 of Section V of the Constitution may be taken only "from decisions initially passing upon the validity of a state statute or a federal statute or treaty, or initially construing a controlling provision of the Florida or federal constitution."
[4] State ex rel. Diamond Berk Insurance Agency, Inc. v. Carroll et al., Fla., 102 So.2d 129.
[5] Diamond Berk Ins. Agency, Inc. v. Goldstein, Inc., Fla., 100 So.2d 420.
[6] Note 4 supra.
[7] Note 2 supra.
[8] Fla., 100 So.2d 373.
[9] Rule 3.16, Florida Rules of Civil Procedure, 31 F.S.A.
[10] Note 1, supra.
[11] Fla., 84 So.2d 591.
[12] 59.08, F.S.A. Rule 3.2, F.A.R. 1962 Revision. Cf. In re Wartman's Estate, Fla., 1961, 128 So.2d 600.
[13] Note 11, supra. Counne v. Saffran, Fla., 87 So.2d 586; Donin v. Goss, Fla., 69 So.2d 316; Lee v. Bond-Howell Lumber Co., 123 Fla. 202, 166 So. 733. Cf. Thursby v. Stewart, 103 Fla. 990, 138 So. 742; Shannon v. Shannon, Fla.App., 136 So.2d 253; Bancroft v. Allen, 138 Fla. 841, 190 So. 885.
[14] State v. Florida Turnpike Authority, Fla. 1961, 134 So.2d 12.
[15] Note 14, supra.
[16] On the face of every decision of the district courts appears language substantially as follows: "Not final until time expires to file rehearing petition and, if filed, determined." This indicates a long standing construction of the rule agreeable to the conclusions reached here.