REED, Chief Judge.
The issue on appeal is whether or not the trial judge erred in striking amended motions for relief under Rule 1.540(b), RCP, 31 F.S.A., one of which was filed by appellant Jayne Aston on 18 May 1971 and the other by appellant John Aston on 24 May 1971.
Jayne M. Aston as trustee of a testamentary trust established by the will of Fred A. Aston Tiled an “Amended Petition for Construction of Will” in the Circuit Court for Broward County, Florida, on or about *247 10 October 1969 asking the circuit court to determine, “Whether the said ADA E. ASTON effectively exercised her power of appointment as given to her under the Will of FRED A. ASTON.” In connection with this petition, Jayne M. Aston and the other appellant, John Aston, filed in the circuit court on 14 November 1969 substantially similar instruments each of which was entitled, “Answer, Waiver and Consent.” In the instrument filed by Jayne M. Aston, the following language appears in paragraph 2 :
“That she hereby waives service of process upon herself and further waives notice of hearing on said Amended Petition, and hereby consents to the entry of a decree as therein prayed for.” (Emphasis added.)
The document was signed by Jayne M. Aston individually and witnessed by two witnesses, one of whom was Stewart W. Roe, the personal attorney of Jayne M. Aston and her family. Similar language appeared in the instrument filed by John Aston.
Acting on the petition filed by Jayne Aston, the circuit court on the 13th of November 1969 held that the last will and testament of Ada E. Aston effectively exercised the general power of appointment conferred on her by the will of Fred Aston. Thereafter Jayne M. Aston and John Aston filed a document in the circuit court entitled “A Petition for Rehearing.” Essentially the petition alleged that the petitioners were under the mistaken impression that their individual interests would be represented at the hearing on the petition for construction. The trial court ultimately entered an order which treated the petition for rehearing as a motion under Rule 1.-540(b), RCP, and set the motion for a hearing on the merits. On 6 February 1970 the trial court entered an order which vacated the earlier order of 13 November 1969 on the petition for construction and held that Ada E. Aston had failed to exercise the power of appointment conferred on her by the will of Fred A. Aston.
An appeal was taken from the 6 February 1970 order of the trial court to this court. We held that the averments of the “Petition for Rehearing” by Jayne and John Aston were insufficient to warrant the granting of relief under Rule 1.540(b), RCP. The opinion of this court was issued on 8 March 1971 (see 245 So.2d 674) and the mandate was filed in the trial court on 5 May 1971.
On May 18th and 24th, 1971, respectively, Jayne M. Aston and John Aston filed amended motions for relief under Rule 1.-540, RCP. The motions are essentially the same. Jayne Aston’s motion alleges: (1) that she was unrepresented by counsel at the hearing on 6 November 1969 which resulted in the order of 13 November 1969 holding that Ada E. Aston had exercised the power of appointment conferred upon her by the will of Fred Aston; (2) she states that she was under the mistaken belief that the law firm of McCune, Hiiasen, Crum, Ferris and Gardner would represent her at the hearing in her individual capacity as well as in her capacity as trustee; (3) acting on such mistaken belief Jayne Aston executed the aforementioned answer, waiver and consent and was also under the belief that she was consenting only to the entry of a decree favorable to her individual position; (4) at no time did Jayne have knowledge that the “conclusion” urged in her petition for construction would be opposed by anyone; and (5) Jayne did not receive notice of the order of 13 November 1969 until 9 December 1969. As a result of the foregoing “mistakes” Jayne and John Aston allegedly were deprived of their day in court in that they did not effectively appear either in person or by counsel to advocate their individual interests at the hearing on the “Amended Petition For Construction of Will.”
Fred A. Aston, III, filed a motion to strike the amended motions. On the mo *248 tion to strike, the trial court entered an order reading as follows:
“This cause came on to be heard upon motion of Fred A. Aston, III, to strike the amended motion for relief under rule 1.540; again extensive arguments in the cause were made by counsel, memoranda were submitted, and the court has conducted its own research.
“After a careful examination of the decision of the appellate court, the mem-oranda submitted, and the applicable law, it is
“ORDERED that the motion to strike is granted. . . .”
This appeal is from said order.
An examination of the order and the authorities cited therein indicates that the trial court apparently struck the amended motions for relief under Rule 1.540(b) on one or both of the following grounds: (a) the motions were not timely filed; and (b) the amended motions were precluded by our previous decision and opinion in the cause.
The first question, therefore, is whether or not the amended motions were filed too late. Rule 1.540(b), RCP, provides that a motion filed thereunder for relief from a judgment on the ground of mistake must be filed within a reasonable time and not more than one year after entry of the judgment sought to be vacated. The judgment from which relief was sought was entered on 13 November 1969.[1]
The one year period for attacking same, therefore, terminated on 13 November 1970 unless the running of the period was tolled.
The order appealed cites authority for the proposition that the filing of an appeal from a final judgment does not stay the running of the one year period. Seven-Up Bottling Co. of Miami, Inc. v. George Const. Corp. Fla.App.1963, 153 So.2d 11; Vaughan v. Petroleum Conversion Corp., D.C.Conn.1953, 120 F.Supp. 175, 178, and 7 Moore’s Federal Practice, pp. 418, 440, note 37. In our opinion this is a proper construction of the rule; however, it has no bearing on the facts in this case. Our problem is to determine whether or not the order of the trial court which granted the relief sought under Rule 1.540(b) [i.e., the order of 6 February 1970] tolled the running of the one year period until that order was reversed by our mandate of 5 May 1970. We have found no authority discussing such an issue, but it would seem to us that after a party has filed a motion for relief under Rule 1.540, RCP, and the relief has been granted, the one year period should be tolled from the entry of the order granting said relief to the termination of any appeal challenging the order which granted the relief. This construction is justified by Rule 1.010, RCP, 30 F.S.A. which provides in part as follows:
“. . . These rules shall be construed to secure the just, speedy and inexpensive determination of every action. . . . ” (Emphasis added.)
Hence, if the only problem here was one of timeliness, we would conclude that the trial court erred in striking the motion.
The second question is whether or not our prior opinion precludes the amended motions. Our previous opinion only held that the motion then before the court was inadequate as a matter of pleading. We said,
“In conclusion, we hold that a petition containing only a naked conclusion that there has been a ‘misunderstanding’ mistake, inadvertence, or excusable neglect which is totally unsupported by evidence or proof of facts is insufficient as a basis for the court to relieve a party from a final judgment or otherwise under Rule 1.540(b), F.R.C.P. . . .”
*249 The amended motions are in more detail than the original motion and are sufficiently distinguishable from the original motion as not to be controlled by our initial opinion. Hence, we believe the trial court was not precluded by our original opinion from passing on the merits of the amended motions.
Despite the foregoing, it appears to us that the trial judge reached the proper result to the extent that his order striking the motions may be taken as a denial of said motions. The amended petitions of both parties show on their face that Jayne and John Aston both had the benefit of representation by personal counsel — Mr. Stewart W. Roe. As pointed out above, it appears from this record that Mr. Roe witnessed the answer, waiver and consents that were filed by Jayne and John. These consents expressly consented to the entry of a decree as prayed for by Jayne’s petition for construction. The petition for construction, although taking the position that, “It would appear that the said ADA E. ASTRON, by the terms of her Will, failed to exercise the power of appointment given to her under the Will of FRED A. ASTON”, asked the court simply for a determination of, “Whether the said Ada E. Aston effectively exercised her power of appointment under the will of Fred A. Aston.”
In view of the fact that both appellants had the benefit of private counsel before signing the consents, and therein expressly agreed to any decree within the terms of the prayer for relief contained in the petition for constmction, we hold that there is simply no reasonable basis shown by the amended motions for the assertion of such mistake, inadvertence, or excusable neglect as will warrant relief under Rule 1.540(b), RCP. Professor Moore in treating the equivalent federal rule — R.60(b)—says that:
“. . . generally speaking a party who makes an informed choice as to a particular course of action will not be relieved of the consequences when it subsequently develops that the choice was unfortunate.”
In our opinion this principle governs the present case. Compare Lesperance v. Lesperance, Fla.App.1971, 257 So.2d 66.
The order on appeal is treated as an order denying the amended motions and is affirmed as such.
Affirmed.
OWEN and MAGER, JJ., concur.

. The appellants contend the order of 13 November 1969 was not a final judgment. We have not overlooked this contention. but simply hold that this point was resolved against appellants’ present contention in the prior appeal.