PER CURIAM.
By appeal and cross-appeal the parties contend that the trial court erred in the entry of an order awarding fees to a Receiver and her attorney and in taxing these fees as costs, one-half to each party. Neither side, on this record, has made error appear. After a final judgment rendering an accounting and awarding certain costs had been entered, and a motion for fees for a Receiver and her attorney, had been filed, the parties entered into a stipulation altering the terms of the final judgment on the merits and as to the costs awarded therein but without reference to the then pending motion for fees for the Receiver and her attorney.
Thereafter, the Receiver’s motion came on for hearing and the trial court awarded fees thereon and fixed responsibility equally between the parties. This action was particularly appropriate. The stipulation provided that the trial court should settle any omissions or ambiguities in the stipulation.[1]
*1221 Certainly, the failure to make mention of the pending motion for fees for the Receiver and her attorney was an omission in the stipulation.
We therefore affirm the order on fees, on this record, without prejudice to either party filing a motion pursuant to Rule 1.540(b) Fla.R.Civ.P.,[2] and any ground thereof, within ninety days of the mandate being received in the trial court.
Affirmed.

. It is the intention of the parties that this Stipulation effectively terminate this litigation and the pending appeal and all issues and disputes between the parties and that if any om- *1221 missions [sic] or ambiguities exist they may be brought before the Court by Motion and upon Notice and Hearing be determined so as to effectuate the intentions of the parties and the Court shall reserve jurisdiction over the parties and subject matter of this cause for this purpose.

. During pendency of this appeal, one of the parties sought a relinquishment of jurisdiction to file a 1.540 Fla.R.Civ.P. motion in the trial court, which was denied. See Glatstein v. City of Miami, 391 So.2d 297 (Fla. 3 DCA 1980).