BASKIN, Judge.
Appellants were injured in a forklift accident which occurred while Universal Trusses was engaged in expanding its warehouse on property it owned. They sued to recover damages from Universal for the negligent operation of the forklift by a Universal employee.
*1222 The trial court granted summary judgment for Universal, ruling that the claims were barred by the exclusive remedy provisions of the Workers’ Compensation Act. We disagree and reverse.
To benefit from the workers’ compensation bar, Universal must establish that it was an employer and contractor obligated to secure compensation for its employees. Jones v. Florida Power Corp., 72 So.2d 285 (Fla.1954). To qualify as a contractor, Universal would be required to prove that it was contractually obligated to perform work for another. Motchkavitz v. L. C. Boggs Industries, Inc., 407 So.2d 910 (Fla.1981); State ex rel. Auchter Co. v. Luckie, 145 So.2d 239 (Fla. 1st DCA), cert. denied, 148 So.2d 278 (Fla.1962); Floyd v. Flash Welding Co., 127 So.2d 129 (Fla. 3d DCA), cert. denied, 133 So.2d 643 (Fla.1961); §§ 440.10, 440.11, Fla.Stat. (1979).
Finding that genuine issues of material fact exist concerning Universal’s status and relationship to appellants and that Jones v. Florida Power Corp. is controlling, we reverse the summary judgments and remand for further proceedings.