437 So.2d 768 (1983)
Woodrow PRUITT, Appellant,
v.
Paul BROCK and Sidney Brock, Appellees.
No. AR-250.
District Court of Appeal of Florida, First District.
September 13, 1983.
*770 Armando Garcia, Tallahassee, for appellant.
John E. Roberts, Marianna, for appellees.
ERVIN, Chief Judge.
In this appeal from an order dismissing a "Motion for Relief From Order, or to Set Aside Order", Appellant, Woodrow Pruitt (Pruitt), argues the lower court erred in ruling that his motion was not timely filed. It is Pruitt's position that the serving of a motion for rehearing, within the time limitations of Florida Rule Civil Procedure 1.530(b), tolls the time in which a judgment is entered and taken for the purposes of the one-year time period provided in Florida Rule Civil Procedure 1.540(b), until such time as the motion for rehearing is disposed of by the trial court. Therefore, he continues, he is permitted by the rule one year from the entry of the order denying the motion for rehearing  not one year from the recording of the judgment  in which to seek relief from the judgment on the ground of newly discovered evidence. We agree and reverse.
The subject matter of this appeal originated in 1978 when Paul and Sidney Brock (Brock) filed complaints seeking to recover from Pruitt certain real property located in Jackson County, Florida. On September 4, 1981, the lower court in a non-jury action signed a final order finding in the Brocks' favor and giving Pruitt a reasonable time in which to obtain new access to his home. On the same date, the order was filed with the clerk of court, and on September 8 was recorded in the public records of Jackson County. Pruitt then served his motion for rehearing on September 16, 1981. On October 6, 1981, the court signed and filed an order denying Pruitt's motion for rehearing, which was subsequently recorded on October 13, 1981.
Pruitt later obtained new evidence which allegedly suggests that the testimony given by surveyors at the final hearing was incorrect as it related to the location of two landmarks, identified in the original government survey field notes. Such testimony, it is alleged, amounted to a fraud upon the court.[1] On the basis of this newly discovered evidence, Pruitt, on September 16, 1982 served, and on September 20, 1981, filed his motion for relief from, or to set aside, the final order. The Brocks moved to dismiss, contending the motion was untimely in that it was served and filed more than one year after the judgment was entered on the ground that the entry date for the purposes of the rule was the date of the recording of the judgment, or September 8, 1981, not the date of the filing of the order denying the motion for rehearing  October 6, 1981. The trial court agreed and, on January 21, 1983, dismissed Pruitt's motion for relief from judgment.
Florida Rule of Civil Procedure 1.540(b) provides:
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether *771 heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court.

(e.s.). Entitlement to relief under the rule on the ground of newly discovered evidence is thus dependent upon the party's making a motion no later than one year after the order was "entered or taken".
The issue presented then is whether Pruitt's motion for relief was required to be made within one year of the date in which the order granting relief in favor of the Brocks was recorded and, if not, whether the service of a timely motion for rehearing of the original order operates to toll the time in which to file the 1.540(b) motion. The Florida Supreme Court has recently defined the term "entry of judgment", for purposes of Florida Rule of Civil Procedure 1.530(b) (motions for rehearing), to mean "the recording of the judgment  the spreading of the judgment upon the court's official records." Casto v. Casto 404 So.2d 1046, 1048 (Fla. 1981) (e.s.). Assuming, arguendo, that the Casto definition of "entry of judgment" is to be extended to the term "entered or taken" as provided in rule 1.540(b), as opposed to the definition of rendition, which contemplates that rendition does not occur until timely served motions for rehearing are disposed of, Florida Rule Appellate Procedure 9.020(g), it would appear that the trial court's judgment would not have been "entered" until September 8, 1981, when it was recorded. Extending that argument one step further would result in the conclusion that, without the occurrence of some intervening factor operating to toll the running of the one-year period, the time within which Pruitt would be permitted to make a motion pursuant to Rule 1.540(b) would expire as of September 9, 1982, or some eight days prior to the time Pruitt's motion for relief from judgment was actually served.
We find it unnecessary, however, to enter the controversy created by Casto[2] by attempting to determine whether a motion, required to be "made" within one year of the date on which an order is "entered or taken", must be signed, served, or filed within one year of the date on which an order itself is signed, served, filed or recorded. *772 We decide only that a motion for rehearing, timely served after the recording of the judgment, tolls the operation of a final order or judgment to the extent that the one-year period provided in Rule 1.540(b) does not commence to run until such time as the motion for rehearing is disposed of by the filing of a written order with the clerk of the trial court. Because Pruitt's relief motion was both served and filed within one year after the filing of the order denying the motion for rehearing, we conclude, for the reasons stated infra, that it was timely made.
Although we find this case to be one of first impression in Florida, we are persuaded, by analogous case law and general principles of jurisprudence, that our conclusion is correct. The basic rule that a motion for rehearing will operate to toll the time period within which a notice of appeal must be filed is of course not a novel theory. There is no question that such a motion affects the finality of a judgment and suspends its operation until the motion is disposed of. See State ex rel. Owens v. Pearson, 156 So.2d 4, 7 (Fla. 1963). The Florida Supreme Court, in discussing the effect of a timely motion for rehearing, has observed:
This Court has never departed from the principle that where a petition for rehearing has been properly made within the time fixed by appropriate statute or rule, the trial court has complete control of its decree with the power to alter or change it until said motion has been disposed of. It therefore follows that the judicial labor has not been terminated and could not be terminated until the trial court had disposed of such petition. Until that time the decree or judgment was not final and the time for taking the appeal did not commence to run until the date of the entry of such order.
Pearson, 156 So.2d at 7 (e.s.). The tolling effect of the service of a timely motion for rehearing for appellate purposes has, of course, been formally recognized by the revision of the Florida Rules of Appellate Procedure in 1977. These rules now provide that
"[r]endition (of an order)" ... [means] "the filing of a signed, written order with the clerk of the lower tribunal." Fla.R. App.P. 9.020(g). The filing of a timely motion for rehearing, however, suspends the rendition of the order. That is, in the event of such a motion, "the order shall not be deemed rendered until disposition thereof." Id.

Casto, 404 So.2d at 1047 (emphasis in original). If a timely motion for rehearing is to affect the finality and the operation of a final judgment, order or decree for appellate purposes, we can find no logical reason for not consistently applying that principle to toll the one-year time limitation provided in rule 1.540(b), until such time as the motion's disposition. A timely motion for rehearing, in our view, has the same purpose for either appellate, or relief from judgment purposes: It delays the termination of judicial labor at the trial level.
In so saying, we find particularly persuasive the interrelationship between the various mechanisms provided by the rules of civil and appellate procedure for the reviewing, testing and correcting of judgments, orders, and decrees. As noted by the Florida Supreme Court, these rules represent an attempted accommodation of the primary competing goals of American jurisprudence: "[F]irst, that justice be as exact and as free from error as human fallibility of judgment permits; and, second, that litigation be finally terminated as quickly as due process and necessary reflection allows." Kippy Corporation v. Colburn, 177 So.2d 193, 196 (Fla. 1965). The first mechanism is, of course, the motion for rehearing of a non-jury matter which is designed to give the trial court an opportunity, if necessary, to reconsider or correct its decision either by timely motion of either party or on the court's own initiative. Fla.R.Civ.P. 1.530(b) and (d). During that 10-day period after "entry of judgment", the trial court is said to retain continuing jurisdiction over the case. If, however, the rehearing mechanism is not triggered by the service of a timely motion, then "[i]t is the established law of this state that a trial *773 court loses jurisdiction of a case at the expiration of the time for filing a petition for rehearing ..." Mid-State Homes, Inc. v. Ritchie, 181 So.2d 725, 727 (Fla. 1st DCA 1966). If such a motion is timely served, jurisdiction remains in the trial court until the motion is disposed of, either by granting or denying the relief sought. See General Capital Corporation v. Tel Service Co., Inc., 212 So.2d 369, 382 (Fla. 2d DCA 1968). During the period of retained jurisdiction, the trial court exercises complete control over the case and may alter or change its decision accordingly. Pearson, 156 So.2d at 7.
With the expiration of the time for rehearing, or the disposition of a motion therefor, the second mechanism for review becomes available: the direct appeal. That mechanism is, of course, triggered by the filing of a notice of appeal with the lower tribunal within 30 days of rendition of the order or judgment. See Fla.R.App.P. 9.110(b); Casto, 404 So.2d at 1047. Upon such filing, the "jurisdiction of the cause then vests absolutely in the appellate Court until such appeal has been finally disposed of... ." General Capital Corp., 212 So.2d at 382.
The applicable rules additionally provide for a third mechanism  the motion for relief from judgment, which is available to a party notwithstanding the lower court's loss of jurisdiction over the cause. The interrelationship between the first mechanism, the motion for rehearing, and this third mechanism has been explained in the following manner:
The trial court loses jurisdiction, except to enforce the judgment and except as provided by Florida Rule of Civil Procedure 1.540, when the time for filing a motion for rehearing or new trial has expired, or if such motion has been timely filed, when it is ruled upon.
St. Cloud Utilities v. Moore, 410 So.2d 973, 974 n. 3 (Fla. 5th DCA 1982) (e.s.). The purpose of this third mechanism is a limited one  it is designed to
provide relief from judgments, decrees or orders under a limited set of circumstances; it was neither intended to serve as a substitute for the new trial mechanism prescribed by Rule 1.530 nor as a substitute for appellate review of judicial error.
Pompano Atlantis Condominium Association, Inc. v. Merlino, 415 So.2d 153, 154 (Fla. 4th DCA 1982) citing Fiber Crete Homes, Inc. v. Division of Administration, State, Department of Transportation, 315 So.2d 492, 493 (Fla. 4th DCA 1975). Rule 1.540 was thus designed to provide a party "with a convenient and orderly method for attacking a final judgment, even after the time for appeal had expired." Alexander v. First National Bank of Titusville, 275 So.2d 272, 273 (Fla. 4th DCA 1973). With that purpose in mind, it is thus inescapable that relief under rule 1.540 is designed to provide one additional, although restrictive, mechanism whereby the trial court can reconsider and correct its prior decision if necessary. In order for this rule to afford its intended relief, we consider that the one-year time limit does not commence to run until after the trial court loses jurisdiction over the matter at the expiration of the time for rehearing or, if rehearing is sought, upon disposition of that request.
Our conclusion in this regard is influenced by the generally recognized test for determining the finality of a judgment, which is "whether the judicial labor is at an end." Slatcoff v. Dezen, 72 So.2d 800, 801 (Fla. 1954). Accord Financial International Life Insurance Co. v. Beta Trust Corporation, Ltd., 405 So.2d 306 (Fla. 4th DCA 1981); The Travelers Indemnity Co. v. Walker, 401 So.2d 1147 (Fla. 3d DCA 1981); Palardy v. Igrec, 388 So.2d 1053 (Fla. 4th DCA 1980). As we have previously observed:
The traditional test usually employed by the courts of this state in determining the finality of an order, judgment, or decree is whether the order in question marks the end of the judicial labor in the case, and nothing further remains to be done by the court to fully effectuate a termination of the cause as between the parties directly affected.

*774 Hotel Roosevelt Co. v. City of Jacksonville, 192 So.2d 334, 338 (Fla. 1st DCA 1966). Accord Chan v. Brunswick Corp., 388 So.2d 274, 275 (Fla. 4th DCA 1980) (order final when all judicial labor required or permitted is complete).
The end of all required or permitted judicial labor at the trial level is obviously not reached until that court loses jurisdiction over the matter through expiration of the ten-day time period in which a motion for rehearing is required to be served or, if such motion is timely served, upon disposition thereof. In this case, the judicial labor required was clearly not at an end, due to the service of a timely motion for rehearing, until the court disposed of that motion by denying it on October 6, 1981. Had Pruitt then sought to appeal the trial court's decision, the time for filing his notice of appeal would have then commenced upon the rendition of the denial of his motion. We have not found, nor have the parties suggested, any logical reason for concluding that the one-year period in rule 1.540(b) commences at a different time than the disposition of a motion for rehearing. Accordingly, we feel constrained to follow that which appears to be the more reasoned approach.
Although not expressly stated, we find that the underlying rationale suggested by the foregoing principles and cases[3] is that the rules of procedure must not be permitted to become so technical that "they obscure the justice of the cause." Sundell v. State, 354 So.2d 409, 410 (Fla. 3d DCA 1978). Rather, the rules should be construed in such a manner as to "further justice, not to frustrate it." Singletary v. *775 State, 322 So.2d 551, 555 (Fla. 1975). Only by applying what we perceive to be the preferred construction to rules of procedure, can we carry out the intended purpose behind the rules' adoption: that a case be determined on its merits. Messana v. Maule Industries, Inc., 50 So.2d 874, 876 (Fla. 1951).
We therefore hold that service of a timely motion for rehearing pursuant to rule 1.530 tolls the commencement of the one-year period of limitation in rule 1.540(b) until such time as that motion is disposed of by the filing with the clerk of the trial court of an order disposing of the motion for rehearing, thus marking the end of all required or permitted judicial labor at the trial level.
Accordingly, this cause is REVERSED and REMANDED for further consistent proceedings.
WENTWORTH and NIMMONS, JJ., concur.
NOTES
[1] We note that Pruitt's motion alleges fraud upon the court in the form of misrepresentations made by witnesses at the final hearing on this matter. Rule 1.540(b) provides that the court may entertain an independent action to relieve a party from a judgment, decree or order for fraud upon the court at any time. See Lewis v. Mack, 411 So.2d 933, 934 (Fla. 2d DCA 1982); Pilz v. Pilz, 395 So.2d 591 (Fla. 2d DCA 1981); Massey, Civil Procedure, 28 U.Miami L.Rev. 257, 328 (1974). Pruitt, therefore, could have filed an independent action based upon allegations of fraud upon the court notwithstanding the otherwise applicable one-year time limit imposed by rule 1.540(b).
[2] Although the rule announced in Casto has been applied in such a way as to render otherwise untimely notices of appeal timely, see Southern Atlantic Construction Co. v. First Corporation of DeSoto County, 419 So.2d 729 (Fla. 4th DCA 1982) and Grabarnick v. Florida Homeowners Association of North Broward, Inc., 419 So.2d 1065 (Fla. 1982), that rule has also prompted criticism by Justices McDonald and Alderman, who have suggested that the Casto decision was a "mistake". Gabarnick, 419 So.2d at 1067 (McDonald, J. and Alderman, C.J., dissenting). The fact that confusion and controversy still exists even after Casto is evidenced by two recent decisions addressing the issue of when a jury verdict is rendered for purposes of a timely motion for new trial. See Menfi v. Exxon Company, 433 So.2d 1327 (Fla. 3d DCA 1983); Culpepper v. Britt, 434 So.2d 31 (Fla. 2d DCA 1983). Although we find it unnecessary to consider the wisdom of Casto in determining the issue before us, we would repeat the recommendation of the Fourth District Court of Appeal, made some ten years ago, to the effect that "the several rules which require the filing, serving, or moving, with time deadline and jurisdiction in [the] balance, should be clarified with minute specificity by the rule-making authority, and hopefully with a degree of uniformity to the end that the reader and user will know precisely what is required." Behm v. Division of Administration, State, Department of Transportation, 275 So.2d 545, 547 (Fla. 4th DCA 1973), reversed on other grounds, 288 So.2d 476 (Fla. 1974).
[3] We find that although the few Florida cases that have addressed the issue of whether the one-year time period in rule 1.540 may in some way be tolled are not directly on point, they generally support our conclusion. In both Redwing Carriers, Inc. v. Watson, 341 So.2d 1049 (Fla. 4th DCA 1977) and Glatstein v. City of Miami, 391 So.2d 297 (Fla. 3d DCA 1980), the issue was whether the one-year time period is tolled when, during the pendency of a direct appeal, a 1.540(b) motion is timely filed in the trial court, a motion for relinquishment of jurisdiction is filed in the appellate court, the motion for relinquishment of jurisdiction is denied, and the 1.540(b) motion is subsequently denied by the trial court due to lack of jurisdiction. In both cases it was held that although the mere pendency of an appeal will not toll the one-year time limit, the denial of the motion for relinquishment of jurisdiction operates to toll that time period. Redwing, 341 So.2d at 1051 n. 1; Glatstein, 391 So.2d at 299. Finally, in In re Will of Aston, 262 So.2d 246 (Fla. 4th DCA 1972), an issue was raised as to whether a timely motion for rehearing which was granted would toll rule 1.540(b)'s time period. The court answered that "... after a party has filed a motion for relief under Rule 1.540, RCP, and the relief has been granted, the one year period should be tolled from the entry of the order granting said relief to the termination of any appeal challenging the order which granted the relief." 262 So.2d at 248 (e.s. by court). The court in Aston justified in part its construction of rule 1.540(b) as an effort to achieve the "just, speedy and inexpensive determination of every action" as required by Florida Rule of Civil Procedure 1.010. Massey, Civil Procedure, 28 U.Miami L.Rev. at 329 n. 641; 262 So.2d at 248 (e.s. by court). In two other cases addressing the issue of whether a pending appeal will operate to toll the running of the one-year time limit in rule 1.540(b), it was held that no tolling occurred. The facts in those cases, however, indicate that the one-year period had already expired before the 1.540(b) motions were filed, and the only theory advanced for the judgments' tolling was that the filing of the notice of appeal itself acted to toll the time period. See Seven-up Bottling Company of Miami, Inc. v. George Construction Corp., 153 So.2d 11 (Fla. 3d DCA 1963); Paulino v. Hardister, 306 So.2d 125 (Fla. 2d DCA 1974). Those cases, as noted by the Third District in Glatstein, are thus factually distinguishable from Redwing and Glatstein, wherein timely 1.540(b) motions were filed, but the lower courts were deemed without jurisdiction to entertain the motions due to the appellate courts' refusal to relinquish jurisdiction for that purpose. No later cases have been found directly addressing the issues raised in Redwing or Glatstein. Armbruster v. Amber International Corp., 416 So.2d 1220 (Fla. 3d DCA 1982), however, affirmed a lower court's order, without prejudicing either party's right to file a 1.540(b) motion with the lower court within 90 days of that court's receipt of the mandate. Armbruster observed that during the pendency of the appeal, one of the parties had sought relinquishment of jurisdiction to file a 1.540 motion in the trial court, and the motion was denied. 416 So.2d 1221 n. 2. The appellate court's granting of an additional 90 days in which to file such motion suggests that the one-year period had fully expired and the court was attempting to provide an exception to the one-year rule for the parties involved.