PER CURIAM.
This is an appeal from an order granting a motion to dismiss with prejudice. We reverse.
The first issue on appeal is whether a guardian ad litem for children of the dissolved marriage has standing to move to set aside a final judgment of dissolution and incorporated settlement agreement. We hold that a guardian ad litem does have such standing in the limited circumstances presented by the facts of this case.
Section 61.403, Florida Statutes (1991), provides that guardians ad litem appointed to represent the best interests of *540 children in dissolution actions “shall have the powers, privileges, and responsibilities to the extent necessary to advance the best interest of the child_” While the powers specifically enumerated in the statute do not include the authority to seek to have the parents’ final judgment of dissolution set aside, they do include filing “such pleadings, motions or petitions for relief as the guardian ad litem deems appropriate or necessary_” § 61.403(6), Pla.Stat. (1991).
Section 415.503(8) (defining the term guardian ad litem in child abuse or neglect proceedings) provides:
‘Guardian ad litem’ as referred to in any civil or criminal proceeding includes the following: ... other court-appointed attorney ... who is appointed by the court to represent the best interests of a child in a proceeding as provided for by law, including, but not limited to, chapter 39 and this chapter [415], who shall be a party to any judicial proceeding as a representative of the child....
(Emphasis added.)
The motion filed by the guardian ad litem sought declaratory relief and relief pursuant to rule 1.540, Florida Rules of Civil Procedure. Dismissal of that motion was based upon lack of standing (erroneously) and for failure to allege ultimate facts sufficient to state a cause of action under rule 1.540(b).
The Guardian offered three reasons to support his contention that the final judgment should be set aside. The first, that the conflicts of interest between the parents prevented them from considering the best interests of their children, is simply not a ground for relief under rule 1.540(b). The appellant also argued that as a result of the conflicts between the parties, the father was suffering from coercion caused by economic factors and physical separation from his children at the time that he entered into the settlement agreement. However, in order for duress or coercion to justify the setting aside of a judgment, there must be some evidence of threat, fraud or misconduct. Paris v. Paris, 412 So.2d 952, 953 (Fla. 1st DCA 1982). There were no such allegations here.
The second ground, that the children were indispensable parties to the dissolution action, is without merit.
Finally, the appellant argues that the parents misrepresented and fraudulently concealed material facts from the trial court at the time that the settlement agreement was approved and incorporated into the final judgment. Of course, fraud is a reason for setting aside a final judgment. Fla.R.Civ.P. 1.540(b)(3). However, the petition does not specifically set forth the alleged false statements or concealed information. Mere conclusory allegations, such as the ones contained in the appellant’s petition are insufficient to state a basis for relief. In re Will of Aston, 262 So.2d 246, 248 (Fla. 4th DCA 1972).
Because the appellant did not sufficiently plead the two grounds that could have formed a basis for rule 1.540(b) relief — fraud and coercion — the trial court correctly dismissed the petition for failure to state a cause of action.
The dismissal should not have been with prejudice, however. Where the allegations of the original petition are too sketchy to state a basis for relief, the movant should be permitted to file a more detailed amended petition. Aston, 262 So.2d at 248-49.
The guardian ad litem or a successor guardian ad litem shall be given the opportunity to amend upon remand.
REVERSED AND REMANDED.
HERSEY, GUNTHER and KLEIN, JJ., concur.