MAY, J.
C.S. appeals an order denying his motions for entry of a final judgment and for rehearing. For the reasons that follow, we affirm.
C.S. and his wife were divorced in 1993. Four years later, his former wife had a child. The child’s biological father, I.V., had no contact with the child after his birth.
The former wife died in 1999. Upon her death, the former wife’s daughter was appointed guardian of the child. In November 1999, the child began to reside with C.S. with the guardian’s permission. However, legal custody was never changed.
C.S. then filed a petition to terminate the rights of the natural father so he could adopt the child. The guardian consented. The matter was set before a general master, who found C.S. lacked standing to bring the action and recommended dismissal.
The child’s biological father filed an exception to the general master’s report, admitting C.S. had physical custody of the child with the guardian’s permission, and consenting to the child’s adoption. He argued C.S. had standing to petition the court under chapter 63.[1] The family court judge adopted the general master’s finding that C.S. lacked standing and dismissed the case. The court denied a motion for rehearing and stated “[tjhis must first proceed as a Chapter 39, I’m done with this case.”
The next day, March 11, 2004, the court entered an amended final order denying rehearing for clarification purposes. The order provided:
3. Petitioner may have twenty (20) days to amend and refile in this case number a Chapter 39 petition for termination of parental rights. The style of the case would be changed to reflect the style required in a Chapter 39 petition for termination of parental rights and set forth the Chapter 39 statutory requirements. If he so chooses, he shall send a copy of the petition to the Judge’s chambers for an order of transfer to dependency division. The safeguards for I.V., including appointment of a dependency guardian ad litem, interventions and evaluations, and programs related to termination *446 proceedings, such as performance orders, would then be afforded the minor child. The dependency division judge would determine the termination action.
4. If the Petitioner is successful in terminating the biological father’s rights to the minor child, the dependency court will transfer the case back to the family division upon a filing of an adoption petition after termination.
Twenty days expired, but C.S. did not file an amended pleading. Instead, he filed a notice of appeal 42 days from the date the order was rendered.[2] This court dismissed the appeal as untimely without deciding if the order was appealable.
On May 27, 2004, C.S. filed a motion for final judgment in the family court division. The court denied the motion, rejecting C.S.’s argument that the court had intended to keep the case when it permitted him to refile a petition in the same case number. The court explained: “That’s a clerical, that’s just because of the pleadings, I’m not doing anything further in this case.” The court then pronounced the order denying rehearing as the final order and declined to correct C.S.’s mistake. This prompted the instant appeal from the order denying the motions for final judgment and for rehearing.
We hold the trial court correctly denied the motion for entry of final judgment because the amended final order, which also denied rehearing on the standing issue, was a final order, but was not timely appealed.
The traditional test usually employed by the courts of this state in determining the finality of an order, judgment, or decree is whether the order in question marks the end of the judicial labor in the case, and nothing further remains to be done by the court to fully effectuate a termination of the cause as between the parties directly affected.
Pruitt v. Brock, 437 So.2d 768, 773-774 (Fla. 1st DCA 1983) (emphasis added) (citations omitted). Here, there was nothing further for the family court judge to do after it ruled C.S. lacked standing and dismissed the case.[3] To challenge this decision, C.S. had to file his notice of appeal within thirty days of that order or the order denying his motion for rehearing. He failed to do so.
We encourage C.S. to follow through with the trial court’s direction to seek relief, pursuant to chapter 39. As the court advised in paragraph 4, after the termination, the dependency division can transfer the case back to the family division to complete the adoption.
This case provides a perfect example of the procedural quagmire faced by litigants in attempting to navigate the legal system within the independent divisions of the court. It is for this very reason that our supreme court has advocated the establishment of a Unified Family Court where one judge can resolve the various legal issues affecting one family. See In re Report of Family Ct. Steering Comm., 794 So.2d 518 (Fla.2001).
AFFIRMED.
KLEIN and GROSS, JJ., concur.

. "The [adoption] petition may be filed by a parent or person having physical custody of the minor child.” See § 63.087(4)(b), Fla. Stat. (2003) (emphasis added).

. C.S. mistakenly believed the twenty days given by the trial court to amend the petition tolled the appeal time.

. We express no opinion as to correctness of this decision as the issue is not the subject matter of this appeal. Our holding is limited to the final nature of the order entered on the motion for rehearing.