# Third District Court of Appeal

## State of Florida

Opinion filed January 3, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2397
Lower Tribunal No. 15-25360
_____

## Solimar Arancibia f/k/a Solimar Rodriguez,
Petitioner,

vs.

## Jose R. Castillo,
Respondent.

A Case of Original Jurisdiction—Prohibition.

Marti Goldstein, P.A., and Marti Goldstein, for petitioner.

Law Offices of Kenneth M. Kaplan, and Kenneth M. Kaplan, for respondent.

Before SUAREZ, LAGOA and SCALES, JJ.

PER CURIAM.

Solimar Arancibia, the respondent in a paternity action below, seeks a writ of prohibition from this Court. Arancibia asserts that the trial court lost jurisdiction to proceed further in this case after rendering a dismissal order on January 25, 2017, for lack of prosecution, and that we should quash the trial court's October 11, 2017 order vacating this dismissal order.

While not entirely clear from the record, it appears that the January 25, 2017 dismissal order results from either the lower court clerk or the trial court improperly calculating the time period under Florida Family Law Rule of Procedure 12.420(d),[1] and it is uncontested that ample record activity occurred

_____

[1] This rule provides:

> (d) **Failure to Prosecute**. In all actions in which it appears on the face of the record that for a period of 10 months, no activity by filing of pleadings or order of court has occurred, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of the notice, and no record activity occurs within 60 days immediately following the service of the notice, and if no stay was issued or approved before the expiration of the 60-day period, the action must be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year is not sufficient cause for dismissal for failure to prosecute.

Fla. Fam. L. R. P. 12.420(d).

2

precluding dismissal for failure to prosecute. Additionally, between the rendition of the dismissal order and the entry of the vacatur order, the parties filed numerous motions, and the trial court conducted several hearings in the case.[2]

The trial court docket reflects that the parties filed no less than four motions seeking to vacate the dismissal order, including one such motion filed and served by Jose Castillo (respondent here, and petitioner below in a paternity action) within fifteen days of rendition of the dismissal order.[3]

While the record is unclear as to why the trial court did not sooner enter its order vacating its erroneous dismissal order, it is clear that the trial court did have jurisdiction to adjudicate these motions and vacate its earlier dismissal order. See Pruitt v. Brock, 437 So. 2d 768, 773 (Fla. 1st DCA 1983) ("If [a motion for rehearing] is timely served, jurisdiction remains in the trial court until the motion is disposed of, either by granting or denying the relief sought. During the period of retained jurisdiction, the trial court exercises complete control over the case and may alter or change its decision accordingly.") (citation omitted).

Petition denied.

---

[2] Indeed, during this time period, the docket reflects over fifty docket entries.

[3] Florida Family Rule of Procedure 12.530(b) provides that "[a] motion . . . for rehearing must be served not later than 15 days after . . . the date of filing of the judgment in a non-jury action."