**JAMES BLACKSTONE MEMORIAL ASSOCIATION et al.**

v.

**GULF, MOBILE & OHIO R. R. CO.**

Civ. No. 8884.

United States District Court
D. Connecticut.

Oct. 2, 1961.

Wiggin & Dana, by John D. Fassett, New Haven, Conn., for plaintiffs.

Caplan, Garvey & Colleran, by Lewis E. Caplan, New Haven, Conn., for defendant.

BLUMENFELD, District Judge.

Petitioner moves here for relief by way of correction of a judgment under Rule 60.[1] In a prior action instituted

1. "Rule 60 Relief from Judgment or Order

"(a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any

in the Federal District Court in Illinois plaintiff and thirteen other stockholders of respondent railroad brought suit against respondent. The suit was unsuccessful and costs were awarded to respondent on July 1, 1958. On appeal to the 7th Circuit the judgment of the district court was affirmed with costs of appeal likewise adjudged against the stockholders. James Blackstone Memorial Library Association et al. v. Gulf, Mobile & Ohio R. R. Co., 1959, 264 F.2d 445.

■ The judgment has since been registered in this district pursuant to 28 U.S.C.A. § 1963 and thus has the same effect as a judgment of this court. Execution against the property of petitioner in full satisfaction of the costs issued on August 29, 1961.

The basis for petitioner's prayer for relief is that the judgment failed to indicate whether it was to be "joint" or "joint and several". For this reason petitioner seeks a ruling that said judgment be considered merely joint, and that he is, therefore, liable for only ¼₄th of the total costs.

The threshold question is whether this court has jurisdiction. While 28 U.S. C.A. § 1963 permits registration of foreign judgments and provides that, upon registration, the judgment shall have the same effect as a judgment of this court, it does not follow that this court has full power over this judgment for all purposes and, more specifically, for the purpose of proceeding under Rule 60. This question has not been resolved, nor is it necessary to resolve it here, since this motion may be disposed of on other grounds. Hadden v. Rumsey Products, 2 Cir., 1952, 196 F.2d 92, 95; Vaughan v. Petroleum Conversion Company, D.C. Conn.1953, 120 F.Supp. 175, 179, affirmed 2 Cir., 1954, 211 F.2d 499, certiorari denied 1954, 348 U.S. 873, 75 S.Ct. 109, 99 L.Ed. 687; Moore, Commentary on United States Judicial Code, 1949, page 386.

■■ The petitioner asserts that he moves under 60(a) or in the alternative under 60(b) (6). 60(a) would permit a court to correct, among other things, "oversights and omissions". To correct any "oversight or omission" in this

party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court. As amended Dec. 27, 1946, effective March 19, 1948.

"(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or other-

wise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action. As amended Dec. 27, 1946, and Dec. 29, 1948, effective Oct. 20, 1949."

case, the court would have to look dehors the record. The petitioner urges, as a matter of law, that when a judgment is silent as to whether it is "joint" or "joint and several" it should be treated as merely "joint". However, he cites no binding authority for this proposition. A District Court in Illinois retains discretion to apportion costs previously taxed. General Motors Corporation v. Franklin Die Casting Co., D.C.N.D.Ill. 1941, 41 F.Supp. 340. Such being the rule in the district where the judgment was rendered, this court can only conclude that power would still exist in the District Court in Illinois in its discretion to declare these costs to be "joint" or "joint and several". That the Illinois court might exercise discretion in this matter would in no way require this court to exercise like discretion. In fact, since this court has had no prior contact with the case and lacks any familiarity with the many considerations, all of which are outside the record, which might influence a court in its ultimate determination of how this judgment for costs should be satisfied, it should not undertake to decide now what was the intent of the District Judge in Illinois. Nothing exists in the record nor apart from it to assist this court in making such a determination.

The petitioner's second contention is that the court may in the alternative grant relief under 60(b) (6), which allows a court to proceed for "any other reason justifying relief". This section does give the court broad equitable powers. "In simple English the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." Klapprott v. United States, 1948, 335 U.S. 601, at pages 614, 615, 69 S.Ct. 384, at page 390, 93 L.Ed. 266. However, in the later case of Ackermann v. United States, 1950, 340 U.S. 193, at page 202, 71 S.Ct. 209, 95 L.Ed.

207, the Supreme Court, while continuing to recognize that 60(b) (6) gives courts extensive powers to alter, modify and vacate judgments, nonetheless held that before such power would be exercised there must be a showing that "extraordinary" circumstances existed which prevented the moving party from seeking relief through the usual channels, i. e. either at the trial or on appeal. Loucke v. United States, D.C.S.D.N.Y. 1957, 21 F.R.D. 305, at page 308.

In the present case, petitioner alleges as his "reason" for seeking relief the fact that the judgment failed to indicate whether it was "joint" or "joint and several". This is not a new circumstance, but rather is one which has been present since the moment of rendition of the decree. Petitioner alleges no reason for his failure to seek clarification either at the time of entry of judgment or during the course of the appeal. Certainly, the petitioner can allege no "extraordinary" circumstance which would excuse his failure to raise the question previously. In fact, the only new circumstance which has occurred is the execution upon petitioner's assets. This, however, can be treated as of little or no significance since such execution is merely a normal and foreseeable incident of any judgment.

The petition under 60(b) (6) could further be disallowed by reason of the implied limitations encompassed in prior subsections of 60(b). Thus, under 60(b) (2) a motion may be allowed by reason of newly discovered evidence which by "due diligence" could not have been discovered in time to move for a new trial. Since the rules do not allow modification even where new evidence is discovered if such evidence could have been discovered by "due diligence", then they should not permit a judgment to be questioned because of a purported defect expressly appearing on the face of it.

Even a further reason exists for denying this motion brought under 60(b) (6). While Rule 60(b) imposes no flat

limitation as to time for moving under subd. (b) (6) it does require that such motion be brought "within a reasonable time". The lapse here between entry of judgment and the bringing of this motion is over three years.

The court finds no basis for interfering with the judgment of the District Court of Illinois.

The motion is, therefore, dismissed without prejudice to any rights of petitioner to seek clarification in the court where the original judgment was rendered.