**AMERICAN EXPRESS TRAVEL RE-LATED SERVICES COMPANY, INC., Plaintiff–Appellant,**

v.

**Magdi HENEIN a/k/a Magdi G. Henein, Defendant–Appellee.**

**No. 00–CV–2686 (FB).**

United States District Court, E.D. New York.

Jan. 18, 2001.

Paul J. Hooten, Paul J. Hooten & Associates, Mount Sinai, NY, for the Plaintiff–Appellant.

Hanna Z. Hanna, New York City, for the Defendant–Appellee.

### MEMORANDUM AND ORDER

BLOCK, District Judge.

Plaintiff–Appellant American Express Travel Related Services Company, Inc. ("American Express"), appeals an order of the bankruptcy court granting defendant-appellee, Magdi Henein's ("Henein"), motion to dismiss American Express's amended complaint pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, incorporating by reference Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### I. BACKGROUND

On April 22, 1999, Henein filed for bankruptcy pursuant to Chapter 7. On August 16, 1999, American Express filed a complaint seeking to have charges totaling $17,996.73 declared nondischargeable pursuant to 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(I), 1334(b) and 11 U.S.C. § 523(c), on the ground that Henein made willful misrepresentations regarding these charges.

On September 24, 1999, Henein moved to dismiss the complaint. The bankruptcy court, upon oral argument held on November 4, 1999, denied the motion to dismiss and ordered American Express to amend its complaint. On November 16, 1999, American Express filed an amended complaint that was substantially similar to its original complaint in that it did not allege any new facts. Specifically, American Express alleges that $80,235 of Henein's unsecured nonpriority debt is the result of credit/charge card debt; Henein earned $16,780 in 1997, $19,600 in 1998 and $5,800 in 1999 (at the time of filing); the $17,996.73 was incurred between June and September 1998; the charges include $3,250 at Bay Ridge Auto for "gas and other," $3,140 at Alia New York for airline tickets, $3,430 at United Sendaway for "Barber, Beauty Shops," $2,870 at Three Golden Stars for grocery, and $2,461.71 at Avis car rental; and Henein had insufficient income or assets from which he reasonably could expect to pay his bill. *See* Plaintiff's Designation of Items to be Included in the Record on Appeal at Tab 7, ¶ 13–17("R"). With respect to Henein's state of mind, American Express alleges that the goods and/or services were obtained through false representations, Henein knew he was unable to pay his bill and he did not intend to pay. *Id.* at ¶ 22–28.

On January 12, 2000, the bankruptcy court held oral argument for a second time and noted on the record that the complaint "merely states that the defendant obtained goods on his American Express account through false representations and that American Express justifiably relied on the false representations and that Defendant did not intend to pay them, without substantiating these legal assertions with facts as to the fraud, reliance and the defendant's intention." R. at Tab 8. On March 31, 2000, the bankruptcy court entered an order dismissing the complaint on the ground that "the amended complaint recited in essence the facts set forth in the initial complaint, and the court finds that

plaintiff has submitted legal theories to object to the dischargeability of the Defendant's debt, but did not submit factual allegations to establish its legal allegation of fraud pursuant to Bankruptcy Code § 523(a)(2)(A)." R. at Tab 9. This appeal followed.

## II. DISCUSSION

■ A district court has jurisdiction to hear appeals "from final judgments, orders and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1). A bankruptcy court's conclusions of law are reviewed *de novo,* and findings of fact are reviewed under a clearly erroneous standard. *In re Ionosphere Clubs, Inc.,* 922 F.2d 984, 988 (2d Cir.1990). Accordingly, the Court reviews the order of the bankruptcy court *de novo.*

■ In reviewing pleadings on a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court "must limit itself to facts stated in the complaint as exhibits or incorporated in the complaint by reference." *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.,* 102 F.3d 660, 662 (2d Cir.1996); *see also Kopec v. Coughlin,* 922 F.2d 152, 155–56 (2d Cir.1991).

■ As the Second Circuit has stated, the court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980); *see Ricciuti v. New York City Transit Auth.,* 941 F.2d 119, 124 (2d Cir. 1991). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Moreover, in evaluating whether a complaint will withstand a Rule 12(b)(6) motion, a court must assume the truth of plaintiff's factual allegations. *See Albright v. Oliver,* 510 U.S. 266, 268, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994).

The court must also read the complaint liberally and draw all inferences in favor of the pleading party. *See Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683. A complaint will not be dismissed unless it appears to a certainty that the plaintiff can prove no set of facts in support of his claim that would entitle him to the relief requested. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

When fraud is pleaded the above-noted general rule is simply applied in light of Federal Rule of Civil Procedure 9(b)'s particularity requirements. *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1052 (2d Cir.1993) (citing *Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir.1990)). Pursuant to Rule 9(b) "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. Pro. 9(b). To satisfy the first part of Rule 9(b), the pleading must set forth the alleged fraudulent statements, identity of the speaker, time and place of the statements, and nature of the misrepresentation. *See Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 51–52 (2d Cir.1995). Rule 9(b) serves three purposes: (1) to provide a defendant with fair notice of plaintiff's claims to enable preparation of his defense; (2) to protect a defendant from harm to his reputation or goodwill; and (3) to reduce the number of strike suits. *See DiVittorio v. Equidyne Extractive Indus.*, 822 F.2d 1242, 1247 (2d Cir.1987). In light of these purposes, the more relaxed requirement of the second part of Rule 9(b), that state of mind can be "averred generally," must not be mistaken for a " 'license to base claims of fraud on speculation and conclusory allegations.' " *See Acito* 47 F.3d at 52 (citing *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir.1990)). Accordingly, "plaintiffs must allege facts that give rise to a strong inference of fraudulent intent." *Id.*

The issue of dischargeability of credit card debt presents some difficulties in regards to pleading fraud with particularity as there is little "direct, purposeful contact between the credit card issuer and the credit card holder either at the inception or over the course of the relationship between the parties." *In Re Akdogan*, 204 B.R. 90, 94 (Bankr.E.D.N.Y.1997). Furthermore, credit card transactions are generally "tripartite in nature involving intermediaries such as merchants or cash advancers with whom the Debtor had direct contact, and not with [ ] the credit card issuer." *Id.* Under certain circumstances a presumption of nondischargeability is afforded the creditor. *See* 11 U.S.C. § 523(a)(2)(C) ("consumer debts owed to a single creditor and aggregating more than $1,075 for 'luxury goods or services' incurred by an individual debtor on or within 60 days before the order for relief under this title ... are presumed to be nondischargeable"). Absent such circumstances, the debtor's state of mind is difficult to prove and the inference of fraudulent intent is generally established through the use of circumstantial evidence. *See In Re Senty*, 42 B.R. 456, 459 (Bankr.S.D.N.Y. 1984); *see also Acito*, 47 F.3d at 52 (inference is established by alleging facts to show that the defendant had both motive and opportunity to commit fraud, or by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness). In this regard, a list of objective or circumstantial factors has developed to assist the creditor in inferring intent. *See Senty*, 42 B.R. at 459–60. Such factors include, but are not limited to, the length of time between the charging and filing for bankruptcy, age and sophistication of the debtor, the number and amount of the charges, the financial condition of the debtor at the time the charges are incurred, the extent to which the credit limit of the account is exceeded, the debtor's employment or prospects of employment, and whether there was a sudden change in the debtor's buying habits.

*See Id.* at 460; *see also In Re Griffis,* 29 B.R. 110, 112 (Bankr.D.Vt.1983).

In evaluating this appeal the Court has examined the amended complaint and its attachments. *See* R. at Tab 6 (attaching copies of Henein's American Express account statements from June, July, August and September of 1998). In presenting the facts upon which the alleged fraud is predicated, American Express has merely indicated Henein's income, his total debt load, the dates and amounts of the charges incurred, and attached the relevant statements. Even assuming these allegations to be true, the complaint is patently devoid of any material facts to support a claim for fraud. None of the recited facts present the circumstantial evidence necessary to infer an intent to deceive. Having had the opportunity to amend the complaint, American Express still has yet to allege any facts relating to Henein's customer history. Although the account has been open since 1995, there is no mention of Henein's charging habits or patterns and his payment record. *See id.* Merely alleging that Henein's credit card debt exceeded his income at the time "does not per se render a debt nondischargeable." *In Re Welch,* 208 B.R. 107, 110 (S.D.N.Y.1997) (citing *In Re Carrier,* 181 B.R. 742, 749 (Bankr.S.D.N.Y.1995) ("financial hardship alone is insufficient to support a conclusion that the debtor intended to defraud creditors" (citation omitted))). Furthermore, American Express is not entitled to a presumption of nondischargeability as the charges were incurred anywhere from seven to ten months before the bankruptcy petition was filed.

Baldly asserting the legal elements of a claim for fraud without the necessary factual allegations is not enough to survive a motion to dismiss. To allow the type of naked pleading presented here would open the doors of litigation to virtually every credit card company seeking nondischarge of debt, on the basis of fraud, simply because the debt was incurred several months prior to the bankruptcy filing

and it exceeded the debtor's income. Accordingly, because American Express has failed to allege fraud with the requisite particularity, the appeal is dismissed.

**SO ORDERED.**