In re Patrick W. REILLY and Betty Ann D. Reilly, Debtors.

Anthony L. Novak, Trustee and Patrick W. Reilly, Plaintiffs,

v.

James W. Sherman, Defendant.

Bankruptcy No. 96–20102.
Adversary No. 99–2137.

United States Bankruptcy Court, D. Connecticut.

March 30, 2001.

---

Patrick W. Boatman, Boatman, Boscarino, Grasso and Twachtman, Glastonbury, for Plaintiff Trustee, Anthony S. Novak.

Joel M. Grafstein, Grafstein & Associates, Farmington, for Plaintiff Debtor Patrick W. Reilly.

James W. Sherman, Hamilton House, Somers, Defendant, Pro Se.

## MEMORANDUM OF DECISION ON PLAINTIFFS' MOTIONS TO DISMISS THEIR COMPLAINT AND TO DISMISS THE DEFENDANT'S COUNTERCLAIMS

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

### I.

Before the court are (1) the more recent motion of Anthony L. Novak, Trustee ("the trustee"), the trustee of the joint Chapter 7 estates of Patrick W. Reilly ("Reilly") and Betty Ann D. Reilly ("together, the debtors"), joined in by Reilly, to dismiss an adversary proceeding which the trustee and Reilly commenced against the defendant, James W. Sherman ("Sherman"); and (2) two prior motions separately filed by the trustee and Reilly to dismiss counterclaims, filed against them by Sherman in the adversary proceeding, for failure to state a claim upon which relief can be granted. The court had stayed its consideration of the motions to dismiss Sherman's counterclaims at the request of all

the parties while Sherman pursued his appeals of the court's disallowance of his claim as a pre-petition creditor against the debtors' bankruptcy estate. Following the affirmation of the court's ruling of disallowance by appellate courts, the parties have now presented their arguments to the court as to all three motions with the filing of their supplemental memoranda of law.

## II.

The transactions and circumstances surrounding the claim underlying this proceeding are more fully set forth in *In re Reilly*, 235 B.R. 239 (Bankr.D.Conn.1999), in which the court disallowed in its entirety Sherman's claim against the debtors' estate for $327,500, one-fourth of the proceeds ("the Ipswich proceeds") of an alleged joint venture involving Sherman, Reilly and others and pertaining to the sale of a parcel of real property in Ipswich, Massachusetts. The court, in an opinion issued on June 14, 1999, found, after four days of trial and extensive post-trial briefing by the parties,[1] that the joint venture at issue terminated several years prior to the events leading to the sale of the property, and held that Sherman's claim to a portion of the proceeds lacked merit.

Subsequent to the disallowance of Sherman's claim against the estate, Reilly and the trustee, on August 23, 1999, filed a joint complaint, seeking treble damages, in the Connecticut Superior Court, alleging that in pursuing his claim against the debtors' estate, Sherman committed the tort of vexatious litigation. Sherman, on October 7, 1999, filed an answer, special defenses and counterclaims and a motion to cite in additional parties, alleging that Reilly, the trustee, Betty Ann D. Reilly, the trustee's attorney, Patrick W. Boatman, Esq. ("Boatman") and the debtors' attorney,

Joel M. Grafstein, Esq. ("Grafstein"), conspired to deprive him of his right to a share of the Ipswich proceeds. The prolix counterclaims consist of two counts. In the First Count of the counterclaim ("the First Count"), Sherman contends, in essence, that these named parties, whom he identified as "the co-conspirators", conspired to defraud Sherman of his right "to file and pursue and recover on his claim against" the debtors' estate. He alleges that the co-conspirators, in so doing, violated numerous Bankruptcy Code and Bankruptcy Rules provisions, Connecticut statutes and United States statutes concerning both the employment of Boatman as the trustee's court-approved attorney, and the trustee's fiduciary duties. Sherman, in this count, seeks damages of $650,000, consisting of his denied claim for $350,000, expenses of $200,000 incurred in prosecuting this claim, and $100,000 for defending the present complaint, plus double or treble damages. In the Second Count of the counterclaim ("the Second Count"), Sherman contends that the actions of the trustee, Boatman and Grafstein deprived him of his rights under the Fifth and Fourteenth Amendments to the United States Constitution. Sherman, under this count, claims compensatory damages of $350,000 and $300,000 in punitive damages against these three parties.

The trustee removed the present action from the Connecticut Superior Court to the bankruptcy court on October 15, 1999. The court, on November 24, 1999, denied Sherman's motion to remand.

The trustee, on October 25, 1999, and Reilly, on November 4, 1999, filed motions to dismiss Sherman's counterclaims, and a hearing thereon was held on November 24, 1999. As noted, the court stayed consider-

---

1. Sherman was represented by counsel during the trial in the bankruptcy court, but in the present proceeding, he is proceeding pro se. Sherman is a practicing attorney.

ation of such motions at the request of the parties while Sherman appealed the court's disallowance of his claim to the Bankruptcy Appellate Panel, which affirmed on March 8, 2000, and the Second Circuit Court of Appeals, which affirmed on December 18, 2000. *See In re Reilly*, 245 B.R. 768 (2d Cir. BAP 2000), *aff'd* 242 F.3d 367, 2000 WL 1863582 (2d Cir.2000).

On January 10, 2001, the trustee filed a motion supported by Reilly, pursuant to Fed.R. Civ.P. 41(a)(2), made applicable in bankruptcy proceedings by Fed. R. Bank. P. 7041, to dismiss their complaint "without prejudice to the Debtor's right to reassert said claim outside of the Bankruptcy Court once this case is closed." (Motion at ¶ 6). The motion alleged that the trustee had determined, following the disallowance of Sherman's claim and the withdrawal of certain other claims against the debtors' estate, that the estate is solvent; and to facilitate concluding the administration of the estate, the trustee wished to dismiss the adversary proceeding against Sherman. In the trustee's brief filed on March 2, 2001, he requests that if the court does not dismiss Sherman's counterclaims, the court "not act on" the motion to dismiss the complaint. (Trustee's Memo of 3/2/01 at 4).

### III.

#### A.

The court will first consider the motions of Reilly and the trustee to dismiss Sherman's counterclaims under Fed.R. Civ.P. 12(b)(6), made applicable in bankruptcy proceedings by Fed.R. Bankr.P. 7012, for "failure to state a claim upon which relief can be granted."

■ The First Count alleges that the debtors, the trustee, Boatman and Grafstein are liable for a civil conspiracy to deprive Sherman of his right to recover his claim against the debtors' estate for a portion of the Ipswich proceeds. The applicable Connecticut law has been summarized as follows:

The Connecticut Supreme Court has recognized that the elements of civil conspiracy are: "1) a combination between two or more persons, 2) to do a criminal or unlawful act or a lawful act by criminal or unlawful means, 3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, 4) which act results in damage to the plaintiff." *Marshak v. Marshak*, 226 Conn. 652, 665, 628 A.2d 964 (1993). The court has further stated that "[a]ccurately speaking ... there is no such thing as a civil action for conspiracy. The action is for damages caused by acts committed pursuant to a formed conspiracy rather than by the conspiracy itself." *Cole v. Associated Construction Co.*, 141 Conn. 49, 54, 103 A.2d 529 (1954); see also *Marshak v. Marshak, supra*, 226 Conn. [at] 669. This has been stated another way as "[t]he gist of a civil action for conspiracy is not conspiracy as such, without more, but the damage caused by acts committed pursuant to the formed conspiracy." *Governors Grove Condominium Association, Inc. v. Hill Development Corp.*, 36 Conn.Sup. 144, 151, 414 A.2d 1177 (1980).

*Gamlestaden PLC v. Backstrom*, 1995 WL 326047 at *9 (Conn.Super.1995).

■ In considering the motions to dismiss under Fed.R. Civ.P. 12(b)(6), the court construes any well-pleaded factual allegations in the First Count in favor of Sherman. *Sykes v. James*, 13 F.3d 515, 518 (2d Cir.1993) (In considering a motion to dismiss, the court "must construe any well-pleaded factual allegations in the complaint in favor of the plaintiff."). "In determining whether to grant a Rule 12(b)(6)

motion, the court primarily considers the allegations of the complaint, although matters of public record, orders, items appearing in the record of the case ... also may be taken into account." 5A Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1357 (1990); *cf. Sanford Brass v. American Film Tech., Inc.,* 987 F.2d 142, 150 (2d Cir.1993) (Under Rule 12(b)(6), court's consideration may include documents incorporated in the complaint by reference and "matters of which judicial notice may be taken.").

As noted, *supra,* damages are an essential element in an action for civil conspiracy. The only damages Sherman alleges in the First Count to have sustained as a result of the alleged conspiracy are his asserted right to a portion of the Ipswich proceeds and the costs and legal expenses he incurred in pursuing his claim against the estate. This court previously disallowed in its entirety Sherman's claim against the estate for a portion of the Ipswich proceeds and the ruling was subsequently affirmed by both the Bankruptcy Appellate Panel and the Second Circuit Court of Appeals. Having exhausted the appeals process, Sherman is barred by the doctrine of collateral estoppel from now asserting that he was defrauded of a share of the Ipswich proceeds, unless relief from the prior ruling may be granted in accordance with Fed.R. Civ.P. 60(b). (Rule 60 is made applicable in bankruptcy proceedings by Fed.R. Bankr.P. 9024.) A motion under Rule 60(b)(3) based upon an alleged fraud must be made within one year from the date the judgment was entered. This time period is not extended during the pendency of an appeal. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 2866 (1995); *Vaughan v. Petroleum Conversion Corp.,* 120 F.Supp. 175, 178 (D.Conn.1953). Since the court disallowed Sherman's claim on June 14, 1999, a motion under Rule 60(b)(3) is time barred.

Sherman's First Count does not allege facts sufficient to support an independent action for relief from the prior judgment. While, in a motion to dismiss, the court accepts the factual allegations of the First Count as true, the court need not accept as true the legal conclusions stated therein. An independent action based upon fraud imposes certain additional requirements on the pleader. Fed.R. Civ.P. 9(b), made applicable in bankruptcy proceedings by Fed.R. Bankr.P. 7009, provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R. Bankr.P. 9(b). "To satisfy ... Rule 9(b), the pleading must set forth the alleged fraudulent statements, identity of the speaker, time and place of the statements, and nature of the misrepresentations." *American Express Travel Related Services Co. v. Henein,* 257 B.R. 702, 706 (E.D.N.Y.2001).

Although the First Count asserts several legal conclusions,[2] the only alleged misrepresentations cited as providing grounds for Sherman's allegations of fraud are certain statements contained in the trustee's application to employ Boatman as attorney and Boatman's support-

---

**2.** These include, e.g., Sherman's assertions that his adversaries "fraudulently procured an invalid approval of the employment of Boatman," (First Count ¶ 3.K); that they made "fraudulent misrepresentation[s] ... that Boatman had a valid appointment to represent ... the trustee" (First Count ¶ 3.J); that they made "fraudulent misrepresentation[s] ... of compliance with" various provisions of the Bankruptcy Code and Bankruptcy Rules in connection with Boatman's appointment (First Count ¶¶ 3.E, F); and that they undertook unspecified "unlawful and tortious acts" (First Count ¶ 4).

ing affidavit. At the time the court issued its order approving the trustee's application to employ Boatman, it had before it both the application and the affidavit which fully disclosed Boatman's relationships with the debtors, the contingency fee arrangements, and that Boatman would receive a $20,000 retainer from the assets of the estate. Sherman had the opportunity, at a January 22, 1998 hearing on the application, to raise any objections to the employment of Boatman. The First Count does not aver any additional statements or other new evidence that would indicate that either Boatman or the trustee committed a fraud upon the court by making false statements to it or withholding material information from it in connection with the proceedings to grant the trustee's application to employ Boatman or those to disallow Sherman's claim against the estate. Sherman merely alleges that the trustee's statements in the application are inconsistent with Boatman's statements in the affidavit. The court, aware of all the statements at issue, found no such inconsistency when it granted the trustee's application.

"Rule 60(b)'s 'savings clause' allows 'a court to entertain an independent action to relieve a party from a judgment ... for fraud upon the court.... Generally, claimants seeking equitable relief through independent actions must meet three requirements. Claimants must (1) show that they had no other available or adequate remedy; (2) demonstrate that the movant's own fault, neglect, or carelessness did not create the situation for which they seek equitable relief; and (3) establish a recognized ground—such as fraud, accident, or mis-take—for the equitable relief." *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 661–62 (2d Cir.1997). In applying the first of these requirements, the Second Circuit Court of Appeals has held that "[a]n independent action for fraud may not be entertained if there was an opportunity to have the ground now relied upon to set aside the judgment litigated in the original action." *M.W. Zack Metal Co. v. Int'l Navigation Corp. of Monrovia*, 675 F.2d 525, 529 (2d Cir.1982) (citations and internal quotation marks omitted); *Weldon v. United States*, 70 F.3d 1, 5 (2d Cir.1995). In *Zack*, the plaintiff sued insurance companies, inter alia, for fraud, contending the insurance companies' attorneys defrauded the courts which had rendered adverse decisions against the plaintiff by misstating the law and withholding operative facts. The district court treated this claim as an independent action for fraud under Rule 60(b). The court ruled that because the plaintiff had an opportunity to raise the fraud claims in the courts in which they occurred, the plaintiff cannot maintain an independent action for fraud. The Court of Appeals of the Second Circuit affirmed the district court's reasoning.

The court concludes that Sherman's allegations do not support an independent action for relief from the prior judgment. Sherman is, therefore, barred by the doctrine of collateral estoppel from asserting any right to the Ipswich proceeds, and his allegations that the trustee, Reilly and others conspired to deprive him of such a right asserts no legally cognizable damage arising from the alleged conspiracy.[3] Ac-

---

**3.** The legal expenses incurred in pursuit of his unsuccessful claim are not an element of damages. *See e.g. Town of Brookfield v. Candlewood Shores Estates, Inc.*, 201 Conn. 1, 14–15, 513 A.2d 1218 (1986) (Even where a litigant has prevailed, "[i]n the United States, the general rule of law known as the American Rule is that a prevailing litigant ordinarily is not entitled to collect a reasonable attorney's fees from the opposing party as part of his or her damages or costs.... In the main, exceptions are based upon statutory or con-

cordingly, the court concludes that the First Count fails to state a claim upon which relief may be granted because it fails to allege any legally cognizable damages and thus does not allege facts sufficient to support a claim for civil conspiracy under Connecticut law.

■ In the Second Count, Sherman contends that the actions of the trustee, Boatman and Grafstein deprived him of a constitutionally protected property interest in the Ipswich proceeds without due process. As discussed *supra*, the doctrine of collateral estoppel bars relitigation of the court's previous determination that Sherman never had the asserted property interest. The Second Count, therefore, also fails to state a claim for which relief may be granted.

Because neither count of Sherman's counterclaims states a claim for which relief may be granted, the court concludes that the motions to dismiss such counterclaims should be granted.

## B.

Rule 41(a)(2) provides that a complaint may be voluntarily dismissed by a plaintiff after the defendant has served his answer only "upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." The court, having concluded, *supra*, that the motions to dismiss

Sherman's counterclaims under Rule 12(b)(6) should be granted, no counterclaims remain to be considered under Rule 41(a)(2).

■ "A voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed if the defendant will not be prejudiced thereby." *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir.1996) (citation and internal quotation marks omitted). The criteria applied in the Second Circuit for determining whether dismissal under Rule 41(a)(2) would be prejudicial to the defendant are set forth in *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir.1990): "Factors relevant to the consideration of a motion to dismiss without prejudice include the plaintiff's diligence in bringing the motion; any undue vexatiousness on the plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss."

The present proceeding was originally filed in state court on August 23, 1999. Sherman filed his answer and counterclaim in state court on October 7, 1999 and the trustee removed the action to the bankruptcy court under 28 U.S.C. § 1452(a) on October 15, 1999. Sherman filed a motion under 28 U.S.C. § 1452(b) to remand the proceedings to state court, which was denied by the bankruptcy court on November 24, 1999. Sherman consented to Reilly's motion to extend the litigation timetable, granted by the court on February 29, 2000, continuing all matters under this adversary proceeding pending the outcome of Sherman's appeals of the court's disallowance of his claim against

---

tract provisions authorizing the recovery of attorney's fees by a prevailing litigant.") (cita-

tions and internal quotation marks omitted).

the estate for a portion of the Ipswich proceeds. The Second Circuit Court of Appeals affirmed that ruling on December 18, 2000. As a result of the disallowance of Sherman's claim, and its subsequent affirmation, the trustee determined that the estate was solvent and filed his motion to dismiss under Rule 41(a)(2) without prejudice as to Reilly, but with prejudice as to the trustee, in order to enable him to conclude the administration of the estate.

Applying the *Zagano* factors to the circumstances here presented, the court finds that dismissal of the adversary proceeding is not prejudicial to Sherman. The trustee's motion was filed promptly following the conclusion of Sherman's appeals. Although originally filed in late 1999, the proceedings have been stayed, at Sherman's request as well as the trustee's and Reilly's, pending the outcome of Sherman's appeals. Sherman does not allege that he has incurred significant expense in preparing for this litigation. The only substantive issues litigated thus far in this adversary proceeding have been the motions to dismiss Sherman's counterclaims. Granting the trustee's motion would not, therefore, give rise to duplicative litigation. Finally, the trustee's reason for seeking dismissal is persuasive. With Sherman's appeals exhausted, the estate is solvent. As a result, the outcome of this adversary proceeding will have no effect on the creditors of the estate and the trustee seeks dismissal in order to complete his administration of the estate so that creditors may be paid and the bankruptcy case closed.

Having weighed the various considerations set forth in *Zagano*, the court concludes that dismissal of this adversary proceeding without prejudice to Reilly's right to pursue it in another court is not prejudicial to Sherman and the trustee's motion should be granted.

IV.

In accordance with the foregoing discussion, the court concludes that Sherman's counterclaims fail to state a claim upon which relief may be granted. The motions of Reilly and the trustee to dismiss such counterclaims under Rule 12(b)(6) are granted.

The court further concludes that dismissal of the adversary proceeding without prejudice as to Reilly and with prejudice as to the trustee is appropriate. Accordingly, the trustee's motion to dismiss the adversary proceeding under Rule 41(a)(2) is granted. It is

SO ORDERED.