## In re Donald O. REYNOLDS, Debtor.

### Victor M. STARR and Heidi Starr, Plaintiffs,

v.

### Donald O. REYNOLDS, Defendant.

Bankruptcy No. 94–31132.
Adversary No. 94–3329.

United States Bankruptcy Court,
D. New Jersey.

June 10, 1996.

Patricia A. Cauldwell, Chapman, Henkoff, Kessler, Peduto & Saffer, Roseland, New Jersey, for Plaintiffs.

Melinda D. Middlebrooks, Middlebrooks & Shapiro, Parsippany, New Jersey, for Defendant.

### MEMORANDUM OPINION

KATHRYN C. FERGUSON, Bankruptcy Judge.

On August 18, 1995, this court rendered an opinion that the plaintiffs, Victor M. and Heidi Starr, had failed to establish that their claim against the debtor/defendant, Donald O. Reynolds, is nondischargeable under either 11 U.S.C. § 523(a)(2)(A) or (a)(6), but that the cost of the home inspection was nondischargeable pursuant to (a)(6). The District Court affirmed this court's determination that the plaintiffs had not met their burden under 523(a)(2)(A) and specifically upheld that the plaintiffs had not established that the defendant had intended to induce reliance. The District Court also found that this court erred in applying a reasonable reliance standard rather than the justifiable reliance standard recently articulated by the Supreme court in *Field v. Mans* [1], but found that error to be harmless in view of the

1. —— U.S. ——, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995). This court's opinion was rendered on August 18, 1995.

court's finding on the question of intent. The District Court remanded the matter for additional findings under 523(a)(2)(A) whether the defendant knowingly failed to disclose a material fact.

■■■ The relevance of whether the defendant knowingly failed to disclose a material fact is not entirely clear. As the District Court noted, the burden of proof is on the plaintiffs to prove **each element** of their claim by a preponderance of the evidence. *Starr v. Reynolds*, 193 B.R. 195, 200 (D.N.J. 1996) *citing Grogan v. Garner*, 498 U.S. 279, 287–288, 111 S.Ct. 654, 659–660, 112 L.Ed.2d 755 (1991) (emphasis added). In order to have a valid claim under 523(a)(2)(A), a creditor must prove that

> the debtor either made a misrepresentation or did an act which was wrong. The proofs must show that the debtor knew it was wrong, that she intended the creditor to rely on the act or misrepresentation and that the creditor did, in fact, rely on such act or misrepresentation and finally, that the creditor was damaged thereby.

*Starr v. Reynolds*, 193 B.R. at 200, *citing In re Knapp*, 137 B.R. 582, 586 (Bankr.D.N.J. 1992).[2]

This court has already found, and the District Court has already affirmed, that the debtor did not intend to induce reliance by the plaintiffs. *Starr v. Reynolds*, 193 B.R. at 201. Accordingly, whether this court finds that the debtor knowingly failed to disclose a material fact or not, the plaintiffs have not carried their burden of proving all of the elements under 523(a)(2)(A). Even if the debtor knew the property had structural defects, intentionally concealed the information and a reasonable man would attach importance to the alleged omission, the plaintiffs still have not established that the debtor intended for the plaintiffs to rely on his representations. The law surely permits plaintiffs to establish that the debtor made a misrepresentation by proving that he failed to disclose an objectively material fact. Nonetheless, whether a misrepresentation

was made through non-disclosure or whether reliance can be inferred from materiality appear to be extraneous findings, given the finding that there was no intent to induce reliance.

■■■ As an alternative basis for the court's holding, however, this court will find that the debtor did not know that the property had structural defects. There was conflicting testimony on this issue. The only evidence that Mr. Reynolds knew of the structural defect was Mr. Guilfoyle's testimony that he called the debtor over to point out evidence of structural defects. Mr. Reynolds testified that Mr. Guilfoyle pointed out a problem with a door frame, but that he was not told that the problem was symptomatic of a larger structural problem. Mr. Guilfoyle may well have understood the misaligned door frame as a symptom of structural defect. The court finds it is entirely credible that Mr. Reynolds, who is not trained in structural engineering and received no other indication of structural defects from any other source, did not understand the structural implications. This is an instance of poor communication, not imparted knowledge of a structural flaw.

There is absolutely no other evidence in the record of anything else that would have even suggested to Mr. Reynolds that there were structural problems with the building. He had had the home inspected when he purchased it and received a written report that did not disclose the defects; he had never experienced structural problems during his occupancy of the premises; he had not had any major construction done on the house during his occupancy; he had not occupied the premises for some time prior to the Guilfoyle inspection; he did not receive a written report from Guilfoyle. The court finds that Mr. Reynolds did not know that the property had structural defects. It follows logically that he could not have intentionally concealed the defects from the Starrs.

---

2. Although there may be some argument that the elements of a cause under 523(a)(2)(A) may be different for actions based on false pretenses, false representations and actual fraud, the district court did not cite differing elements, and this court has been unable to locate authority for that distinction.

The court will enter judgment in favor of the defendant.