**In the Matter of Mark Alan KROEN, Debtor.**

**Marra, Gerstein & Richman, Plaintiff,**

**v.**

**Mark A. Kroen, Defendant.**

**Bankruptcy No. 02–50605(MS).**
**Adversary No. 02–5137.**

United States Bankruptcy Court, D. New Jersey.

July 18, 2002.

Sheryll S. Tahiri, Ravin Greenberg PC, Roseland, NJ, Attorneys for the Debtor/Defendant Mark Alan Kroen.

Anthony J. Marra, Marra, Gerstein & Richman, Edison, NJ, Attorneys for Plaintiff.

MORRIS STERN, Bankruptcy Judge.

The debtor in this Chapter 7 case is said to have assured his matrimonial attorney that fees accruing over the substantial period of his divorce proceeding would not be discharged by the debtor in bankruptcy. After the legal services were concluded, and the debtor filed his bankruptcy petition, the attorney initiated this adversary proceeding seeking an exception to discharge under 11 U.S.C. § 523(a)(2). The attorney claims to have been defrauded by the debtor through materially false oral representations. The plaintiff-attorney alleges in the unverified Complaint:

> In order to induce the Plaintiff to render the aforementioned legal services, the Debtor represented to the Plaintiff that the Debtor would not discharge the Plaintiff's bill in Bankruptcy. Specifically, the Defendant represented to Mark J. Richman, Esq. of the Plaintiff, before and during trial and before substantial services were rendered in preparation for the trial, that the Defendant would not discharge the Plaintiff's bill in Bankruptcy.

Complaint ¶ 3.

Brought on by the debtor's motion for summary judgment, the issue before the court is whether the alleged representation that no discharge would be sought is an appropriate basis under the circumstances of this case for an exception to discharge under § 523(a)(2)(A).[1]

*Statement of Facts.*

By retainer agreement dated August 17, 1998, the debtor and the plaintiff came to terms regarding what apparently turned out to be a protracted matrimonial case. From the retention date through services included in a statement dated November 13, 2001, the debtor was billed $43,166, paid $28,823, and owed $14,343 when he filed his Chapter 7 petition on January 16, 2002. The parties disagree on the basic fact as to whether the debtor made the representation complained of by the plaintiff. The debtor flatly denies the allegation that he said he would not seek a discharge of the attorney's fee claim in any future bankruptcy.

The debtor claims that over more than three years of the matrimonial proceeding, his financial position deteriorated and that at one point Mr. Richman of the plaintiff referred him to "another partner of the Plaintiff to discuss the possibility of filing a bankruptcy matter on my behalf. . . . Plaintiff offered to represent me in a bankruptcy proceeding so long as it would not affect my obligations to Plaintiff. . . . I did not retain Plaintiff to represent me in a bankruptcy matter." Debtor's Certification at ¶¶ 4–6. Though the plaintiff denies that an offer was made to represent the debtor in a bankruptcy proceeding, it is acknowledged that the debtor "may very well have met with [Mr. Richman's] partner to become educated and know his options regarding bankruptcy." Richman Certification at ¶ 9.

The plaintiff's submission and response to the summary judgment motion adds little to the sparse facts included in the Complaint other than to dispute basic facts

---

[1]. The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference by the United States District Court of New Jersey dated July 23, 1984. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I).

as a defensive matter. As to purported reliance on the debtor's alleged statements, Mr. Richman offers the following:

> During the course of the litigation the defendant was unable to meet his financial obligations to our counsel fees. In my 30 years of practice, I had never allowed a client to become so indebted in counsel fees. *Yet, based on our relationship, and the defendant's representations that he would pay his bill, I continued to represent the defendant.*

Richman Certification at ¶ 7 (emphasis added). The plaintiff's reference to the potential bankruptcy discharge is separated from that statement of reliance, and appears as part of the following factual rebuttal:

> The defendant's certification (paragraph seven) that: 'I never represented to plaintiff that I would not seek to discharge said debt in the event I decided to file for relief under the Bankruptcy Code' is an absolute falsehood. I represent to this Court that the defendant, in a number of conversations with him, indicated the exact opposite. The defendant indicated he was very pleased with my representation. The defendant assured me he would pay my bill and would not discharge our firm in bankruptcy.

Richman Certification at ¶ 8.

### Discussion.

■ At this juncture, the court must view the facts before it most favorably to the plaintiff, in evaluating whether there is a genuine issue of material fact to be tried. Fed.R.Civ.P. 56(c), incorporated into the Bankruptcy Rules through Fed. R. Bankr.P. 7056, requires the court to grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Viewing the facts in accordance with that standard, the following is clear:

1. The plaintiff initially undertook representation of the debtor in a matrimonial case without any inducement based upon a waiver of discharge of the attorney fee-related debt;

2. At some point before and perhaps during the divorce trial (which seems to have been in March, 2001), the debtor is said to have stated that he would not seek a discharge of the fees in bankruptcy;

3. The plaintiff provides neither specific dates of these oral representations nor quotes as to what exactly was said, nor whether the statements resulted from the attorney's inquiry or demand or was otherwise volunteered, nor facts that would provide more context to the purported representation;[2]

---

2. The debtor has not asserted, as a basis for dismissal, lack of particularity in the plaintiff's pleadings. Yet, the Complaint and the responding certification of Mr. Richman are sparse at best. Fed.R.Civ P. 9(b), which is incorporated into the Bankruptcy Rules by Fed. R. Bankr.P. 7009, requires a plaintiff to plead the elements of fraud with particularity. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1417 (3d Cir.1997). This requirement serves "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendant against spurious charges of immoral or fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir.1984). *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir.1999) *requires* the plaintiff to plead " 'the who, what, when, where, and how: the first paragraph of any newspaper story,' " (citing *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.1990) and quoted in *Burlington*, 114 F.3d at 1422). In the § 523(a)(2)(A) context, the same degree of

4. No sworn statement of Mr. Richman says directly that he relied on the debtor's purported statement about waiving discharge; rather, Mr. Richman indicates (his Certification at ¶ 7) that he continued to represent the debtor "based on our relationship, and the defendant's representations that he would pay his bill";

5. The debtor paid a significant portion of the attorney charges developed over more than three years; and

6. The debtor was obviously struggling financially, contemplating and discussing with Mr. Richman (and Mr. Richman's partner) bankruptcy, all while participating in what the plaintiff characterizes as a hard-fought and bitter matrimonial case.

■ In order to establish the § 523(a)(2)(A) exception to discharge, the plaintiff must meet each and every Bankruptcy Code and common law requirement, to prove that the services in question were obtained by "false pretenses, false representation, or actual fraud."[3] And reliance, though not specified in the Code, is a necessary factor in determining whether a pretense or representation or other act of fraud induced the nondebtor to part with value. *Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995). Reliance must be determined to be both actual[4] and justified.

■ The general record *sub judice* is skeletal at this time. Nevertheless, the court is impelled to evaluate the mixed fact/law question of the attorney's purported justifiable reliance on an oral representation, pre-petition, waiving discharge in bankruptcy. The fundamental point here is that such waivers are void, offending the policy of promoting a fresh start for individual debtors. *See In re Cole*, 226 B.R. 647, 651 (9th Cir. BAP 1998) (recognizing that "[a]lthough no appellate court has decided the issue, many trial courts have held that pre-petition waivers of the bankruptcy discharge are unenforceable") and cases cited therein at 226 B.R. at 652 nn. 6 and 7. *Consider*, in particular, *In re DiPierro*, 69 B.R. 279 (Bankr.W.D.Pa.1987) ("[a] debtor cannot contract away the right to a bankruptcy discharge in advance of

particularity is required; complaints for non-dischargeability for fraud under § 523(a)(2)(A) are governed by the pleading requirements of FED.R.CIV.P. 9(b). *In re Kanaley*, 241 B.R. 795, 803 (Bankr.S.D.N.Y.) 1999. A complaint that merely asserts the legal elements of § 523(a)(2)(A) without making the required factual allegations will not survive a motion to dismiss. *American Express Travel Related Serv. Co. v. Henein*, 257 B.R. 702, 707 (E.D.N.Y.2001). The plaintiff's pleadings (including the Richman Certification) are deficient.

**3.** *See In re DeBaggis*, 247 B.R. 383, 389 (Bankr.D.N.J.1999), culling ten elements of common law fraud from the Restatement (Second) of Torts, § 525. In condensed form, the objector must prove: (1) the debtor has made a representation; (2) at the time of the representations, the debtor knew the representation was false; (3) the debtor made the representations with the intention and purpose of deceiving the creditor; (4) the creditor relied on such representations; and (5) the creditor sustained loss and damages as a proximate cause of the representations. *In re Cohen*, 191 B.R. 599, 604 (D.N.J.1996), aff'd, 106 F.3d 52 (3d Cir.1997), aff'd, *Cohen v. de la Cruz*, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998). The plaintiff bears the burden of proving the objection to discharge, BANKR.R. 4005, and must establish each element by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 287–88, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

**4.** The Richman Certification at ¶ 7 (basing his continued representation on his relationship with the debtor and an alleged promise to pay) undercuts the plaintiff's complaint that reliance was conditioned on the waiver of bankruptcy discharge. Thus, *actual reliance* by the plaintiff is in substantial doubt.

the bankruptcy filing"). *See* the often quoted *dicta* in *Klingman v. Levinson*, 831 F.2d 1292, 1296 n. 3 (7th Cir.1987) ("[f]or public policy reasons, a debtor may not contract away the right to a discharge in bankruptcy"). *See also* Marshall E. Tracht, *Contractual Bankruptcy Waivers: Reconciling Theory, Practice, and Law*, 82 CORNELL L.REV. 301, 307–308 (1997) and cases cited therein at footnotes 23 and 24.

■ The policy against waivers of discharge has been supported most recently in a case involving a pre-petition promise included in a retainer agreement to pay for legal services postpetition. *In re Nieves*, 246 B.R. 866, 872 (Bankr.E.D.Wis.2000) ("A debtor may not contract away the right to a discharge in bankruptcy. [Citations omitted.] Absent a specific exception to discharge under § 523, the lawyer who furnishes pre-petition bankruptcy services and who is unpaid for such services is in the same boat with other unpaid pre-petition creditors"). And, it would be no small rupture in the policy voiding waivers if an attorney were permitted to assert the waiver as a misrepresentation qualifying the fee-based debt for a § 523(a)(2)(A) exception to discharge. The backdoor to circumventing fresh start policy through "pre-printed" retainer agreement discharge waivers, would be wide open.

■ Section 524(a) of the Bankruptcy Code is replete with language that a bankruptcy discharge is effective "whether or not discharge of such debt is waived." [5] The appropriate mechanism for saving a debt from discharge is to comply with the *post-petition* reaffirmation procedure dictated by the Code in § 524. [6] Case law makes clear that the reaffirmation procedure is the *only* mechanism by which a debtor may "waive" discharge of a *specific* debt, and that the strictness and narrowness of the reaffirmation mechanism reflect "the policy of affording the debtor a broad discharge and an effective fresh start." *In re DiPierro*, 69 B.R. at 282. *See In re Levinson*, 58 B.R. 831, 836–837 (Bankr.N.D.Ill.1986) (waiver of discharge of a specific debt is governed by 11 U.S.C.

**5.** 11 U.S.C. § 524, "Effect of discharge," provides in relevant parts:

(a) A discharge in a case under this title—
(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, *whether or not discharge of such debt is waived;*
(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, *whether or not discharge of such debt is waived;* and
(3) operates as an injunction against the commencement or continuation of an action to recover [certain debts devolving from community property and spousal obligations] *whether or not discharge of the debt based on such community claim is waived.*
11 U.S.C. § 524(a) (emphases added). The Legislative History to 11 U.S.C. § 524(a), spe-

cifically H.R.REP. No. 95–595, pt. 1, at 365–66 (1977); S.REP. No. 95–989, pt. 2, at 80 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5963, 5787, clarifies the absolute buffer which this section is designed to afford:

The language 'whether or not discharge of such debt is waived' is intended to prevent waiver of discharge of a particular debt, not waiver of discharge in toto as permitted under section 727(a)(9) [sic, 727(a)(10)].

**6.** Reaffirmation is effective *only* if included in a *post-petition* written agreement made by the debtor before the discharge; the agreement must clearly and conspicuously advise the debtor that such an agreement is *not required* and that he may rescind; and, debtor's counsel must file a declaration or affidavit asserting that the debtor was fully informed, entered the agreement voluntarily, and will not suffer undue hardship as a result of the reaffirmation agreement. 11 U.S.C. § 524(c). If the debtor files a reaffirmation agreement without representation, then 11 U.S.C. 524(d) requires a hearing and detailed court inquiry.

§ 524(c), and the court, as affirmed, correctly refused to enforce the provision of a pre-petition settlement agreement in which the debtor purported to waive the future dischargeability of a specific debt), *aff'd,* 66 B.R. 548 (N.D.Ill.1986), *aff'd sub nom. Klingman v. Levinson,* 831 F.2d 1292 (7th Cir.1987). *See also In re Mascoll,* 246 B.R. 697, 706 (Bankr.D.D.C.2000) (a debtor cannot stipulate to the nondischargeability of a specific debt but can waive discharge only by "executing a waiver that satisfies the reaffirmation agreement requirements of 11 U.S.C. § 524(c)"); *In re Rul–Lan,* 186 B.R. 938, 943 (Bankr.W.D.Mo. 1995)("The Code is very specific about the manner in which a debtor can waive the discharge in bankruptcy"); *In re Catron,* 186 B.R. 194, 196 (Bankr.E.D.Va.1995)("In order to waive the discharge of a particular debt, the debt must be reaffirmed pursuant to 11 U.S.C. § 524 regardless of any agreement to except the debt from discharge"); *In re Sheehan,* 153 B.R. 384, 385 (Bankr.D.R.I.1993)("[The debtor] would have had to reaffirm the debt pursuant to 11 U.S.C. § 524 by adhering to detailed procedures" rather than by authoring a post-petition letter stating that the debt would "remain alive").[7]

Thus, the representation of waiver of discharge (if made), was not worth the paper it was not written on. Consequently, attorney Richman could not justifiably rely on that oral representation under the circumstances of this case.

The justifiable reliance standard established for actual fraud exceptions to discharge by *Field v. Mans* would seem to apply as well to cases of false pretense or representation. 516 U.S. at 74 n. 8, 116 S.Ct. 437. *See also In re Reynolds,* 197 B.R. 204, 205 n. 2 (Bankr.D.N.J.1996).

▬▬ As adopted by the Supreme Court, that standard is described as follows:

'Although the plaintiff's reliance on the misrepresentation must be justifiable ... this does not mean that his conduct must conform to the standard of the reasonable man. Justification is a matter of the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case, rather than of the application of a community standard of conduct to all cases.'

*Field v. Mans,* 516 U.S. at 70–71, 116 S.Ct. 437, quoting Restatement (Second) of Torts (1976), § 545A, Comment *b.* Even though justifiable reliance permits a person to rely "on a representation of fact

---

**7.** The global waiver provisions of 11 U.S.C. § 727(a)(10) set forth the mechanism by which the debtor may waive discharge of *all* his debts. These provisions cannot be applied to a specific debt or to circumvent the reaffirmation process. *See In re Cole,* 226 B.R. at 653–654. 4 Lawrence King, Collier on Bankruptcy ¶ 727.12, at 727–54 (15th ed. rev.1998):

A distinction must be drawn between a waiver of discharge under section 727(a)(10) and a reaffirmation or exception of a specific debt from discharge. The waiver under section 727(a)(10) is a waiver of any discharge at all. Thus, *none* of the debtor's debts are discharged.... While the court must approve the waiver, there are no statutory standards for approval.

*To waive the discharge of an individual debt, the debtor must reaffirm the debt under section 524.* The reaffirmation is subject to specific statutory procedures, standards and safeguards (citation omitted). *A debtor and creditor should not be permitted to use section 727(a)(10) to avoid the reaffirmation provisions.* ... The procedure [under 727(a)(10)] should be used only in rare cases, such as in settlement of an objection to discharge if the debtor's discharge is likely to be denied and the debtor seeks to prevent disclosure of damaging facts.

(Underlined emphasis added.)

'although he might have ascertained the falsity of the representation had he made an investigation' " (*Field v. Mans*, 516 U.S. at 70, 116 S.Ct. 437, quoting *Id.*, § 540), that person is:

> 'required to use his senses, and cannot recover if he blindly relies upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation.'

*Field v. Mans*, 516 U.S. at 71, 116 S.Ct. 437, quoting *Id.*, § 541, Comment *a*. Thus, the purported victim of a misrepresentation is required to assess that representation in light of his particular knowledge or experience in the circumstances of the case:

> [J]ustifiable reliance is the standard applicable to a victim's conduct in cases of alleged misrepresentation and . . . '[i]t is only where, under the circumstances, the facts should be apparent to one of his knowledge and intelligence from a cursory glance, or he has discovered something which should serve as a warning that he is being deceived, that he is required to make an investigation of his own.'

*Field v. Mans*, 516 U.S. at 71–72, 116 S.Ct. 437, quoting W. Prosser, Law of Torts § 108, p. 718 (4th ed.1971) (the edition available in 1978 when the Bankruptcy Code was promulgated). The treatise continues:

> 'the matter seems to turn upon an individual standard of a plaintiff's own capacity and the knowledge which he has, or which may fairly be charged against him form the facts within his observation in the light of his individual case.'

*Field v. Mans*, 516 U.S. at 72, 116 S.Ct. 437, quoting Prosser, *supra*, § 108, p. 717.

In the immediate case, Mr. Richman and his firm, as attorneys with bankruptcy experience, must be charged with the knowledge of the invalidity of a pre-petition waiver of discharge. The attorneys should not be permitted to invoke § 523 provisions of the Code after ignoring § 524 and waiver of discharge cases. Similarly, no matrimonial lawyer with 30 years experience should pin his hopes on a client's promise—whether it be a promise to pay or to waive discharge—without fully recognizing the inherent financial risk in going forward with a long-term litigation. And, in fact, the plaintiff was more than two and a half years into representing the debtor before the supposed promise was made and said to be relied on. Therefore, the court finds that the plaintiff cannot establish the necessary element of justifiable reliance upon the debtor's supposed waiver of discharge of the legal fee in bankruptcy.

Yet, the plaintiff protests that summary judgment is premature, seeks an order compelling the debtor to produce certain documents, and argues that discovery is needed so that the case should not be summarily concluded. "[T]here are serious issues of material fact regarding the issue of nondischargeability of our firm's debt. These facts can only be elicited through discovery and trial. The defendant's motion should be denied." Richman Certification at ¶ 11. In its Notice to Produce (Exhibit C to Richman Certification), the plaintiff demands documents:

1. For all debts set forth on debtor's bankruptcy petition, copies of any and all bills, invoices, statements, or other writings documenting said debt.

2. For any debt set forth on debtor's bankruptcy petition in the form of revolving credit (i.e. credit card

debt) copies of all statements detailing each creditor, date debt incurred, amount of each debt incurred, amount of each debt and reason why incurred.

3. Original documents evidencing each debt referred to above.

The debtor objects to the very general document demand and seeks to avoid all costs of discovery and continuation of the adversary proceeding. The plaintiff presses for a complete documentary rendition of its former client's debt history, for a deposition of the debtor, and for at least a deferral of this court's consideration of the debtor's motion.

However, the court believes that it is simply inappropriate to permit an adversary proceeding to persist, with attendant costs for the noticed depositions and the detours inherent in the plaintiff's intent to plumb the depths of *all* of the debtor's debts, under circumstances where objective indicators render the reliance allegation unjustifiable. A principal purpose in adding the justifiable reliance requirement

to that of simple actual reliance, is to permit courts some *objective* measure by which to corroborate allegations of actual reliance. *Field v. Mans*, 516 U.S. at 82, 116 S.Ct. 437 (dissent).[8] Those objective measures should be used, in particular by bankruptcy courts, to curtail the expense of litigation where summary judgment is fitting. The matter at bar is just such a case.[9]

Summary judgment is awarded to the debtor/defendant, and the captioned adversary proceeding is dismissed with prejudice. The court will enter its implementing order.

---

**8.** Justice Breyer in dissent refers to the 1984 PROSSER & KEETON treatise. "The principal argument in support of some such requirement as justifiability of reliance would seem to be that of providing some objective corroboration to plaintiff's claim that he did rely. If plaintiff can claim reliance on the basis of the kind of statement on which no reasonable person would rely for one reason or another, then it is quite likely that plaintiff did not rely and if his testimony that he did is allowed as sufficient evidence on the basis of which a finder of fact can find reliance, then it will be too easy for a party to a contract to escape the consequences of his own bad judgment in making a bargain of some kind. Therefore, the foolish nature of the plaintiff's conduct if he did rely is relevant primarily because of the likelihood that he did not rely." W. KEETON, D. DOBBS, R. KEETON & D. OWEN, PROSSER & KEETON ON LAW OF TORTS, § 108, pp. 749–750 (5th ed.1984).

**9.** "The overriding purpose of the Bankruptcy Code is to relieve debtors from the weight of oppressive indebtedness and provide them with a fresh start." *In re Cohn*, 54 F.3d 1108, 1113 (3d Cir.1995). For this reason, exceptions to discharge are strictly construed against creditors and liberally interpreted in favor of debtors. *Id.; In re DeBaggis*, 247 B.R. at 388. However, bankruptcy law also promotes a countervailing policy of reserving discharge for "the honest but unfortunate debtor." *See Grogan v. Garner*, 498 U.S. at 286, 111 S.Ct. 654. "This countervailing policy is codified in § 523(a)(2) of the Bankruptcy Code." *In re DeBaggis*, 247 B.R. at 383. *Sub judice*, the bankruptcy process should proceed, unencumbered by the plaintiff's efforts to impede its former client's fresh start, and without the expense of litigation which cannot establish the requisite reliance of § 523(a)(2)(A).